BUTLER (MILLER v.). See Case No. 9,-565.

BUTLER (MITCHELL v.). See Case No. 9,-660.

BUTLER (PENN v.). See Cases Nos. 10,930 and 10,931.

—————

# Case No. 2,243.

## BUTLER v. RUSSELL.

[3 Cliff. 251;[1] 11 Int. Rev. Rec. 30.]

Circuit Court, D. Massachusetts. May Term, 1869.

CUSTOMS DUTIES—LASTINGS, MOHAIR CLOTH—CONSTRUCTION OF STATUTES — REPEAL BY IMPLICATION—REPEAL OF REPEALING ACT.

1. The repeal of the paragraph in section 5 of the act of June 30, 1864 [13 Stat. 208], imposing a duty of ten per centum ad valorem, on lastings, mohair-cloth, etc., did not revive or leave in operation the corresponding provision, expressed in the same words, in section 6 of the act of July 14, 1862 [12 Stat. 549].

2. In the exposition of statutes the court aims to learn the intention of the legislature. If there are several statutes relating to the same subject, they are to be taken together and compared, as parts of one system. When accurately ascertained, the real intent of the legislature should always prevail, even over the literal sense of the terms employed, and to the exclusion of other rules devised by courts to aid in the accomplishment of that object.

3. Repeals by implication of revenue and collection laws are not favored. In order to work a repeal by implication there must be a positive repugnancy between the provisions of the new and old law.

4. Where the provisions of the old statute are revised in the later enactment, and where the later statute was intended to prescribe the only rules upon the subject, the subsequent is held to repeal the former statute.

5. When a revising statute covers the whole subject-matter of antecedent statutes it virtually repeals the former enactments, without any express provision to that effect.
[See Norris v. Crocker, 13 How. (54 U. S.) 429; U. S. v. Tynen, 11 Wall. (78 U. S.) 88; King v. Cornell, 106 U. S. 395; 1 Sup. Ct. 312; U. S. v. Cheeseman, Case No. 14,790; U. S. v. Claflin, 97 U. S. 546.]

6. Where some parts of the revised statutes are omitted in the new law, they are not, in general, to be regarded as left in operation if it clearly appear to have been the intention of the legislature to cover the whole subject by the revision.

—————

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

7. The general rule is that a repeal of the repealing statute revives the original act. It could not be supposed that congress would repeal the provision of the act of 1864, if they had supposed or intended that thereby the same provision in the act of 1862 would have been revived. It is the better opinion that by the repeal of the provision of section 5 of the act of 1864, the manufactures in question became dutiable under the preceding paragraph in the same section which provides that there shall be "levied and collected on bunting and all other manufactures of worsted," etc.. not otherwise provided for, a duty of fifty per centum ad valorem.

[Cited in Kohlsaat v. Murphy, 96 U. S. 156.]

At law. Assumpsit brought by the plaintiff [Edward K. Butler], as an importing merchant, against the defendant [Thomas Russell], as collector of the port of Boston, to recover back import duties, alleged to have been illegally exacted and paid under written protest. All the counts in the declaration, except the fourth one, were withdrawn, and to that the defendant demurred. [Demurrer sustained, and judgment rendered for defendant.]

Briefly stated, the material facts, as alleged in the fourth count, were, that the plaintiff, on the 4th of March, 1867, imported into said port three cases of manufactured cloth, not combined with india-rubber, and composed in part of worsted, woven and made in patterns of such size, shape, and form, and cut in such manner, as to be fit exclusively for slippers, and for no other purpose; and the plaintiff alleged that said three cases of manufactured cloth so woven, made, and cut, were then and there subject to a duty of ten per centum ad valorem, and no more, and that the goods so imported were then and there of a dutiable value "of above eighty cents per pound," towit, of the dutiable value of $1,217, and were then and there subject by law to a duty as aforesaid of $121.70. and he charged that the defendant, as such collector, wrongfully imposed on said goods a duty of fifty cents per pound, and thirty-five per centum ad valorem, amounting in the aggregate to $749.45, and that he, the plaintiff, paid the excess beyond the legal duties, under protest, to obtain the goods. By the sixth section of the act of July 14, 1862, goods imported from foreign countries, and therein enumerated, are subject to a duty of ten per centum ad valorem. 12 Stat. 549. Lastings, mohair-cloth, silk, twist, or other manufacture of cloth, or made in patterns of such shape and form, or cut in such manner, as to be fit for shoes, slippers, boots. bootees. gaiters, and buttons exclusively. not combined with india-rubber, are enumerated in that section, and the theory of the plaintiff was, that the three cases of manufactured cloth, which were imported as described in the fourth count of the declaration, were dutiable under that provision. Id. 550. The defendant insisted that the goods as imported were dutiable under the third paragraph of the section of the act of March 2, 1867, which provides, among other things, that there shall be "levied, collected, and paid, . . . . on all manufactures of every description, composed wholly or in part of worsted, the hair of the alpaca, goat, or other like animals, except those which are composed in part of wool, not otherwise provided for, . . . . valued at above eighty cents per pound, fifty cents per pound, and in addition thereto, . . . . thirty-five per centum ad valorem." 14 Stat. 561.

T. K. Lothrop, for plaintiff.

W. A. Field, Asst. U. S. Dist. Atty., for defendant.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

CLIFFORD, Circuit Justice. Difficulties of so serious a character attend the solution of the question, that it will not be possible to determine it in a satisfactory manner without a careful review of the different provisions upon the subject, in most or all of the recent acts of congress, regulating the levying and collection of import duties. Manufactures of goat's-hair or mohair, or of which goat's-hair or mohair was a component material, not otherwise provided for, were, by section 22 of the act of March 2, 1861, subjected to a duty of thirty per centum. 12 Stat. 192. But section 23 of the same act included lastings, mohair-cloth, silk, twist, or other manufactures of cloth, cut in strips of patterns, of the size and shape for shoes, slippers, boots, bootees, gaiters, and buttons exclusively, if not combined with india-rubber, in the list of articles declared by that section to be exempt from duty. 12 Stat. 195. Such was the state of congressional legislation upon the subject when the act of July 14, 1862, was passed, on which the plaintiff relies to sustain his claim.

Cloth woven, as well as cloth in patterns or cut in such a manner as to be fit exclusively for the described purposes and no other, is included in that provision, but the duty thereby imposed corresponds in amount with the theory of the plaintiff. Comment upon those provisions is at present unnecessary, except to remark that section 9 of the same act, which is entitled "An act increasing temporarily the duties on imports, and for other purposes," imposes a duty on all manufactures of worsted, or of which worsted is a component part, not otherwise provided for, of five per centum ad valorem. and also a similar duty on manufactures of goat's-hair or mohair, or of which goat's-hair or mohair is a component part, with the same qualification as that in respect to worsted goods. 12 Stat. 553, 557. Duties on imports remained from the date of that act. without any material permanent alteration, to June 30, 1864. when the act entitled "An act to increase duties on im-

ports, and for other purposes" was passed. 13 Stat. 202. Section 5 of that act provides that there shall be "levied and collected and paid . . . . on bunting and on all manufactures of worsted, mohair, alpaca, or goat's-hair, or of which worsted, mohair, alpaca, or goat's-hair was a component material, not otherwise provided for, fifty per centum ad valorem; but lastings, mohair-cloth, silk, twist, or other manufactures of cloth, woven or made, in patterns of such size, shape, and form, or cut in such manner as to be fit exclusively for shoes, slippers, boots, bootees, gaiters, and buttons, when not combined with india-rubber, are provided for in that act, in the next succeeding paragraph of the same section, and the provision is that those articles shall be subject to a duty of ten per centum ad valorem. Compare the language of that paragraph with that employed in the corresponding provision in the seventh section of the act of July 14, 1862, and it will be seen that the provisions are alike without the variation of a word.

All acts and parts of acts repugnant to the provisions of the act of June 30, 1864, are declared, by section 22 of the act, to be repealed except for the purpose of collecting the duties imposed by the act for the prosecution and punishment of offences, and for the recovery, collection, distribution, and remission of fines, penalties, and forfeitures. 13 Stat. 216. Rates of duty on these articles, as specifically enumerated, remained unchanged until the passage of the joint resolution of March 2, 1867, which repealed the paragraph in section 5 of the act of June 30, 1864, enumerating the articles, and imposing a duty of ten per centum ad valorem on the same; but the repealing resolution left the preceding paragraph in the same section in full force, in which it is provided that there shall be levied, collected, and paid on bunting, and all other manufactures of worsted, mohair, alpaca, or goat's-hair, or of which worsted, mohair, alpaca, or goat's-hair shall be a component material, not otherwise provided for, fifty per centum ad valorem. 13 Stat. 208; 14 Stat. 571. The argument for the plaintiff is, that the repeal of the paragraph in section 5 of the act of June 30, 1864, imposing a duty of ten per centum ad valorem on "lastings, mohair-cloth," etc., left in full operation or revived the corresponding provision in section 6 of the act of July 14, 1862, although the two provisions are expressed in exactly the same words. He attempts to maintain that theory upon two grounds, quite inconsistent with each other:—

First. Because both provisions were in operation from the date of the second act, to the date of the joint resolution, and the proposition is, that the repeal of the last in date left the first untouched and in full force.

Second. Because the repeal of the last provision, even if it operated while in force

as a repeal of the first provision, revived the first, and made it operative anew, from the date of the repeal of the subsequent act. Enforced as these propositions were with much ingenuity, they have been examined with care, but the court is of the opinion that neither of them can be sustained, from several reasons which will presently be stated. In the exposition of statutes the established rule is, that the intention of the legislature is to be deduced from a view of the whole statute, and every part of the same, and where there are several statutes relating to the same subject, they are to be taken together, and compared in the construction of any material provision, because they are considered as having one object in view and as pertaining to one system. But when accurately ascertained the real intention of the legislature ought always to prevail, even over the literal sense of the terms employed, and to the exclusion of other rules devised by courts to aid in the accomplishment of that object. 1 Kent, Comm. (11th Ed.) 462; Broom, Leg. Max. 556; Sedg. St. & Const. Law, 231; Smith, Com. Law, 649.

Rules and maxims of interpretation are ordained as means of discovering the true intent and meaning of the lawgiver, but the primary rule is, that whenever the meaning which the makers of a statute entertained can be discovered by fit signs, it ought to be followed in its construction, in a course consonant to reason and discretion. Dwar. St. (2d Ed.) 557. Repeals by implication of revenue and collection laws are not favored, and the general rule is, that in order to work a repeal by implication, there must be a positive repugnancy between the provisions of the new law and the old; but well-founded exceptions exist to that general rule, as where the provisions of the old statute are revised in the later enactments, and where it appears that the later statute was intended to prescribe the only rules upon the subject. In such cases the subsequent statute is held to repeal the former one, although the provisions of the subsequent statute are not in all respects repugnant to those contained in the act of antecedent date. Daviess v. Fairborn, 3 How. [44 U. S.] 636; Dexter & L. Plank Road Co. v. Allen, 16 Barb. 18; Farr v. Brackett, 30 Vt. 346; Wood v. U. S. 16 Pet. [41 U. S.] 342; U. S. v. Walker, 22 How. [63 U. S.] 299; Bartlet v. King, 12 Mass. 545; Ellis v. Paige, 1 Pick. 45; Pingree v. Snell, 42 Me. 55; Bowen v. Lease, 5 Hill. 225.

Articles of foreign merchandise, named in the act of June 30, 1864, were subject to no other import duty than that described in that act, but the provision of section 22 of the act was that the duties upon goods imported from foreign countries, not provided for in that act, "shall be and remain as they were according to existing laws prior to April 29" of that year, showing conclusively

that congress intended thereby to make, and did make, a comprehensive revision of all the antecedent acts imposing import duties, and that the act, when passed, became the only law in force in regard to the rates of duties on the articles enumerated in the act. Evidence to support that conclusion is found in almost every section in the act, and the provision in section 22, already referred to, is by necessary implication equivalent to an express declaration to that effect. Temporary increase of import duties, to the extent of fifty per centum on the rates previously authorized by law, was imposed on April 29 next preceding the passage of the law in question, by the joint resolution of that date; but the evident intention of congress, in passing the act under consideration, was to effect a permanent increase of duties, which was accomplished in part by providing for higher rates, and in part by diminishing the free list and by changing the basis of computation in ascertaining the dutiable value of imported merchandise. By that act the dutiable value of imported goods was declared to be the actual value of the goods on shipboard at the last place of shipment, adding thereto every expense, from the place of growth, production, or manufacture, to the vessel in which the shipment was made, and including the value of the sack, box, or covering of any kind in which the goods were contained, together with the commissions and all costs and charges specified by law. 13 Stat. 217. Changes were also made in the regulations for levying and collecting import duties, as well as in the basis for ascertaining the dutiable value of the importations. Examined in view of these suggestions, it is impossible to hold that these two provisions were both in force at the same time, and it is evident that the new act was intended as a complete revision of the old law, not only in regard to the rates of duty on the articles named in the act, but also in regard to the basis of computation in ascertaining the dutiable value of the goods and in many other respects.

When a revising statute covers the whole subject-matter of antecedent statutes, the revising statute virtually repeals the former enactments without any express provision to that effect, and even when some parts of the revised statute are omitted in the new law they are not in general to be regarded as left in operation, but are to be considered as annulled, if it appear plainly that the intention of the legislature was to cover the whole subject-matter by the revising statute. Daviess v. Fairbairn, 3 How. [44 U. S.] 636; Industrial School Dist. v. Whitehead, 2 Beasley [13 N. J. Eq.] 290. None of these principles are controverted by the plaintiff, but he contends that the rule, as stated, has many exceptions, and that where one statute is enacted in the same words as a former one, without a repealing clause and without any change of provisions, it may well be

maintained that one is no repeal of the other, and that both are in force; but it is a sufficient answer to that proposition, as applied to this case, even if it be correct, to say that the repealing clause in the act in question, though special in form, virtually negatives that construction, and the many changes in the manner of levying and collecting the duties tend strongly . in the same direction. Support, to a qualified extent, is certainly found to that proposition in the case Com. v. Kimball, 21 Pick. 377, but the remarks of the chief justice were not necessary to the decision of the case, and he well said that such a case would seldom happen, because a case could hardly be supposed in which the legislature would have a motive to pass a new law without some intent to change the existing law. Except for some special purpose, as therein suggested, doubts are entertained whether the rule is a sound one, but it is unnecessary to decide the point, as it clearly has no proper application to this case. Foster v. Pritchard, 40 Eng. Law & Eq. 446. Suppose both acts were not in force at the same time, then the plaintiff contends that congress, in repealing the provision in the act of June 13, 1864, by the joint resolution, revived the similar provision in § 6 of the antecedent revised act, although the two provisions are expressed in the same words. Undoubtedly the general rule is, that by a repeal of a repealing statute, the original statute is revived, and it was held in the case of Hastings v. Aiken, 1 Gray, 163, that the general rule was so even where the original statute was repealed by implication; but the rule, like most other general rules, is subject to important qualification and exceptions. Much depends in all such cases upon the intention of the legislature, and it is equally well settled that the rule that a statute may be revived by implication or construction cannot operate upon any part of an act which has been expressly altered by subsequent legislation. Smith, Com. Law, 909; Chancellor's Case, 1 Bland, 663; Wheeler v. Roberts, 7 Cow. 536.

Neither want of knowledge, oversight, nor absurdity ought to be imputed to the legislature in the construction of a statute, unless the language employed in the provision to be construed, is such that the conclusion cannot be avoided without distorting its plain meaning. Nothing but forgetfulness or oversight could have induced congress to repeal the provision described in the joint resolution if they had supposed that the effect of the repeal would have been to revive the provision in the former law, which was expressed in the exact same words. Such a conclusion would be unreasonable, as it supposes that congress desired to render complex what was plain and unambiguous, which is past belief, if not positively absurd. Greater weight would be due to the suggestion, if the repeal under the opposite view would leave the manufactures in ques-

tion exempt from duty, but the better opinion is that by the repeal they became dutiable under the preceding paragraph in the same section, which provides that there shall be levied, collected, and paid on "bunting and all other manufactures of worsted, mohair, alpaca, or goat's-hair, or of which worsted, mohair, alpaca, or goat's-hair shall be a component material, not otherwise provided, fifty per centum ad valorem." Serious doubt cannot be entertained that the act, if the repealed paragraph had never been contained in it, would have been equally effectual, as a general revision of the tariff acts, in regard to the articles therein enumerated, to repeal the prior law; nor that the manufactures of cloth, woven or made in patterns, or cut in such a manner as to be solely fit "for shoes, etc.," would have been dutiable under the preceding paragraph, imposing a duty of fifty per centum ad valorem on the manufactures therein described and enumerated as fabrics in the piece or web, and it is not perceived that any different rule should be applied in the case before the court, where it appears that the second paragraph is repealed, as it leaves the act just as it would have been if it had never contained any such provision. Ten per centum ad valorem only was imposed by the second paragraph, referred to, on such manufactures of cloth, when woven, made, or cut in patterns as aforesaid, and the effect of the repeal, as intended by congress, was to raise the duty from ten to fifty per centum ad valorem, as provided by the first paragraph upon the subject in section 5 of that act. 13 Stat. 208. Congress undoubtedly so understood the matter on March 29, 1867, when the joint resolution of that date was passed, which provides that the joint resolution of March 2 of that year already referred to, shall not be construed to apply to lasting, mohair-cloth, silk, twist, or other manufactures of cloth, woven or made in patterns of such size, shape, and form, or cut in such manner, as to be fit for buttons exclusively. Unquestionably the object of that resolution[2] was to reduce the duties of the manufactures of cloth to ten percentum ad valorem, and congress, in adopting that mode to accomplish the purpose, proceeded upon the ground that the rate under the antecedent law, as modified by the first-named joint resolution, was fifty per centum, and not ten per centum ad valorem, as is supposed by the plaintiff. 15 Stat. 24.

Passed, as the second joint resolution was, subsequently to the approval of the tariff act of March 2, of that year, it became necessary, in order to prevent an increase of duty "on manufactures composed wholly or in part of worsted, the hair of the alpaca, goat, or other like animals," to take the same out of the operation of the third paragraph of section 2 of that act. 14 Stat. 561.

When woven, made or cut for shoes, boots, bootees, or gaiters, congress intended that the fabric should pay the same duty as if the fabric was imported in the piece or web, and for that reason the increased duty is levied upon the cloth as manufactured, without any designation of the purposes for which it was woven, made or cut, as provided in the third paragraph of section 2 of that act; but congress did not intend to enact any increase of duty on that manufacture when woven, made, or cut, as aforesaid, exclusively for buttons, not made for tassels or ornaments, as provided in the eighth paragraph of the same section. 14 Stat. 561. Such fabrics or manufactures are dutiable under the former act, and, since the passage of the joint resolution amending the repealing resolution, are subject only to a duty of ten per centum ad valorem, because they are regarded as embraced in the second paragraph upon that subject, in the fifth section of the prior act, just as if the repealing resolution had never passed, but the paragraph in all other respects remains repealed. Consequently the same fabric when woven, made, or cut, so as to be fit only for shoes, slippers, boots, bootees, or gaiters, or for anything else, except buttons, not for tassels or ornaments, if valued at above eighty cents per pound, is subject to a duty of fifty cents per pound, and in addition thereto is also subject to a duty of thirty-five per centum ad valorem.

Demurrer sustained. Fourth count adjudged bad. Judgment for the defendant.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Reversed in Butler v. Thomson, 92 U. S. 412.]

[2] [11 Int. Rev. Rec. 30, gives "section."]