[No. 1531. Decided August 19, 1895.]

WILLIAM COCHRANE et al., Appellants, v. THE COUNTY OF KING IN THE STATE OF WASHINGTON et al., Respondents.

STATUTES — REPEAL BY IMPLICATION — ERECTION OF COUNTY BUILDING.

Code 1881, §§ 2682, 2683, 2684, providing that where there are no funds in the county treasury sufficient for the erection of a county building, the county commissioners shall, if they deem the public good requires a county building, submit an estimate of the cost thereof to the people, and, if a majority vote in favor of the proposition, shall then levy and collect a special tax therefor, are repealed by implication by the subsequent enactment of the act of February 1, 1888 (Laws 1887–88, p. 74), which in substance relates to and covers the whole of the same subject matter as those sections.

Semble, that Laws 1887–88, p. 74, was repealed by implication by the act of March 21, 1890 (Laws 1889–90, p. 37), covering the entire subject of the incurring of indebtedness by counties for general

county purposes; but the effect of such repeal would not be the re-
vival of the sections of the code of 1881 (§§ 2682, 2683, 2684), which
had been repealed by the act of 1888.

*Appeal from Superior Court, King County.*

*Greene & Turner*, for appellants.

*White, Munday & Fulton*, and *S. H. Piles*, for respond-
ents.

The opinion of the court was delivered by

Hoyt, C. J.—This action was brought by certain
taxpayers of King county against such county, its
board of county commissioners, treasurer and auditor
and W. A. Ritchie and John Rigby, for the purpose of
having certain contracts made in behalf of said county
with said Ritchie and Rigby declared invalid, and to
restrain the officers of the county from further pro-
ceeding in the execution of said contracts, and the
treasurer from paying the warrants already issued in
payment of services rendered in pursuance thereof.
A demurrer to the complaint was sustained by the
superior court and judgment rendered thereon dis-
missing the action.

The contracts in question had reference to the erec-
tion of a building for the county to be used in the
care and maintenance of its paupers. It appeared
from the allegations of the complaint that there was
no money on hand to pay for the erection of the build-
ing and that by the terms of the contracts the services
performed in its erection were to be paid for by warrants
drawn upon the county treasurer. It was further al-
leged in the complaint that at no time had said defend-
ants Gasch, Wooding and Rutherford, or any of them
as county commissioners, or otherwise, ever estimated
the cost of said building and submitted the same to

the people of their county at the then next general
election, or given notice that the same would be sub-
mitted at any election, nor had the same ever been
submitted to, or voted upon by the people of the county.

It is evident from the language of the complaint
that it was drawn upon the theory that §§ 2682, 2683,
and 2684, of the code of 1881 were in force, and that
by virtue of their provisions it was not within the
power of the board of county commissioners to pro-
vide for the erection of the building without having
first submitted the question to the people as provided
for in said § 2683.   If the sections above referred to
were in force, there was foundation for the theory
upon which the complaint was drawn, though it might
be an open question even then, whether or not their
provisions had any reference to the incurring of in-
debtedness by the board of county commissioners for
any proper county purpose.   It might be contended
that the only thing that was prohibited in connection
with the erection of such buildings, was the levy of a
special tax therefor.   Neither of the sections in any
manner refers to the contracting of indebtedness.   The
first provides that the board of county commissioners
shall have no power to levy a special tax except in the
manner hereinafter provided.   The second provides
that if they think the public good requires a county
building, they shall submit the estimate thereof to the
people, and if a majority vote in favor of the proposi-
tion, shall levy and collect a special tax in the same
manner as other county taxes are collected.   The third
provides that nothing in the act shall be so construed
as to prevent the board of county commissioners from
erecting such buildings when there are funds in the
treasury of the county sufficient for that purpose.

It is clear that neither the first nor second section

in any manner relates to the incurring of indebtedness for county purposes, but it might be held that the third only authorized the erection of such buildings (except in pursuance of the provisions of the preceding section) when there were funds in the treasury sufficient for the purpose, and by inference prohibited the incurring of any indebtedness in behalf of the county for that purpose.

It is not necessary for us to determine as to whether or not these sections prohibit the board of county commissioners from running the county in debt in the erection of county buildings. That question was only suggested upon the argument, and what we have said has not been because of the necessity of deciding the question, but for the reason that the provisions in that regard might have some influence upon the question to which the argument was mainly directed. That was as to the effect of subsequent legislation upon said sections of the code.

February 3, 1886, an act was passed amending § 2683 (Laws 1885-6, p. 172), but such amendment left the section, so far as the questions under consideration are concerned, substantially the same as it was before. In 1888, another act was passed (Laws 1887-8 p. 74) which it is claimed on the part of the respondents, repealed by implication all of the sections of the code above referred to. On the part of the appellants it is contended that such act had no such effect. They found this contention largely upon the fact that there was no general repealing clause contained in the act, while there was a special repeal of the act of February 3, 1886.

The provisions of the act under consideration are such that it is clear that the legislature intended to affect other sections of the code than the one specially

repealed.    This being so, it must be held that the object of the legislature in specially repealing the act of 1886, was to put all of the sections of the code intended to be affected upon the same basis, so that they would be affected in a like manner by the provisions of the act, and all repealed so far, and only so far, as inconsistent with its provisions.    This being so, it follows upon familiar principles that §§ 2683, 2684 were repealed by the act, if it in substance related to and covered the whole of the same subject matter.

An examination of its provisions compels us to agree with the claim of the respondents that the subject matter embodied in said §§ 2683, 2684 were so covered by the provisions of the act that they were repealed thereby; and it follows that, after its enactment, the powers of the board of county commissioners in relation to the incurring of indebtedness for all county purposes, including the erection of buildings for the county, were governed thereby.    And since it is clear that thereunder the board of county commissioners could incur an indebtedness not exceeding one per cent. of the value of the taxable property of the county for the purpose of erecting a county building without the submission of the question to a vote of the people, and since there is no allegation in the complaint that the indebtedness to be incurred in the erection of the building in question, added to all the other indebtedness of the county, would exceed one per cent. of the valuation of its taxable property, it must follow that, if this law was still in force, the county commissioners did not exceed their authority in letting the contracts in question, and that the proceedings thereunder and the warrants issued in pursuance thereof were legal and of full force.

The only statute which it is claimed had any effect

upon this one is that of March 21, 1890 (Laws 1889–90, p. 37). This statute provides that a county by its board of supervisors may incur indebtedness to the extent of one and one-half per cent. for general county purposes without submission of the question to a vote of the people. It also contains a provision that further indebtedness may be incurred for strictly county purposes when authorized by such a vote. This act contains no repealing clause, and if it had any effect on the act of 1888, it was by implication only. If it had the effect of repealing it, it was because the entire subject matter was enacted upon, and if this was so, the effect of such repeal would not be to revive the sections of the code repealed by the act of 1888, as contended by the appellants. If the act of 1888 had been specially repealed in one not covering its entire subject matter, such contention of the appellants could be successfully maintained. But it is evident that the effect of a repeal flowing from the fact that the entire subject matter of the act had been included in a subsequent statute would not have the effect of reviving a former statute, which had itself been repealed in the same way. Nor would a different result be reached if the contention of the appellants, that the act of 1890 only modified that of 1888, should be sustained.

In our opinion the act of 1890 was intended by the legislature to cover the entire subject of the incurring of indebtedness by counties for general county purposes, and that the fact, that the term "strictly county purposes" is used in one section and "general county purposes" in another, has no effect upon the objects for which the indebtedness may be incurred. Under its provisions the board of county commissioners without a vote may incur indebtedness not exceeding one and one-half per cent. for any proper county purposes,

and when approved by a vote of the people may incur. indebtedness for like purposes to the extent of five per cent. of the valuation of the taxable property of the county. It follows that the officers of the county were acting in pursuance of the authority conferred by the act of 1888 or that of 1890, and that in either case their acts were authorized by the statute under which they were acting. The action of the superior court in sustaining the demurrer to the complaint was proper.

The judgment will be affirmed.

ANDERS, DUNBAR, GORDON and SCOTT, JJ., concur.