(No. 18330.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN BORGESON, Plaintiff in Error.

*Opinion filed April 20, 1929—Rehearing denied June 6, 1929.*

W. W. O'Brien, (Louis Greenberg, of counsel,) for plaintiff in error.

Oscar E. Carlstrom, Attorney General, Robert E. Crowe, State's Attorney, and James B. Searcy, (Edward E. Wilson, and Lee R. LaRochelle, of counsel,) for the People.

Mr. Justice Duncan delivered the opinion of the court:

The plaintiff in error, John Borgeson, (hereinafter referred to as defendant,) was sentenced in the municipal court of Chicago to confinement in the house of correction of the city of Chicago for the period of six months and was adjudged to pay a fine of $100 and costs of prosecution, on an information charging him with carrying concealed on or about his person a pistol, in violation of section 4 of "An act to revise the law in relation to deadly weapons." The specific finding of the court recited in the judgment is, that the defendant was guilty of unlawfully having on his person a concealed weapon, "to-wit, a loaded revolver, without a written permit to do so, on said plea

of guilty." He prosecutes this writ of error for a reversal of the judgment.

Plaintiff in error contends (1) that he should have been punished under section 56 of the Criminal Code for carrying concealed weapons, providing for a fine not exceeding $100; (2) that the statute under which he was sentenced is unconstitutional; (3) the finding of the court that he carried concealed on his person a loaded revolver will not support a conviction under an information charging him with unlawfully carrying concealed on or about his person a pistol, in violation of said section 4.

The record in this case shows (1) that defendant was arraigned and pleaded guilty in manner and form as charged in the information, and that the court heard evidence of the witnesses as to aggravation and mitigation of said offense; (2) that defendant, being duly advised by the court as to his right of trial by jury, elected to waive a trial by jury, and that by agreement of the parties the cause was submitted to the court for trial without a jury and there was a trial before the court without a jury, and the court heard the evidence of the witnesses and found as aforesaid and entered the judgment and sentence "on said plea of guilty." In the brief and argument for defendant these anomalous showings in the record are referred to, but there is no attempt whatever to explain the same or to inform us which of the showings in the record is correct. No reference whatever is made by the State in its brief and argument with reference to these contradictory showings in the record, but in the latter part of its argument there are these statements: "There was a trial, but what the evidence was does not appear, since defendant did not think it worth while to bring the evidence to this court. Hence we must assume that the evidence was amply sufficient to justify the court in finding defendant guilty." We will assume that defendant pleaded guilty and that the court heard evidence on such plea to determine the penalty that should

be imposed upon him in accordance with the provisions of the statute on such a plea, as in addition to said recitals the record shows that the court explained to defendant the consequence of such plea, and that he still persisted in pleading guilty and that such plea was received and entered of record.

Section 56 of the Criminal Code is in this language: "Whoever willfully disturbs the peace and quiet of any neighborhood or family, by loud or unusual noises, or by tumultuous or offensive carriage, threatening, traducing, quarreling, challenging to fight or fighting, or whoever shall carry concealed weapons, or in a threatening manner display any pistol, knife, slung-shot, brass, steel or iron knuckles, or other deadly weapon, shall be fined not exceeding $100."

"An act to regulate the traffic in deadly weapons, and to prevent the sale of them to minors," was approved April 16, 1881. (Laws of 1881, p. 73.) Section 1 of that act forbade the possession or sale of slung-shots or knuckles, or other deadly weapons of that character, under penalty of not less than $10 nor more than $200. Section 2 forbade the sale, loan or gift of fire-arms or other deadly weapons to minors, under penalty. Section 3 provided for register of sales by dealers in deadly weapons, the form of register and the penalty for failure to keep the same. Section 4 provided a penalty of not less than $25 or more than $200 for carrying concealed weapons upon or about the person of the character in the act specified, or a razor as a weapon, or for displaying or flourishing any deadly weapon. Section 7 provided that all acts and parts of acts in conflict with that act were thereby repealed. Section 4 of the act was held unconstitutional by this court in the case of *People* v. *Horan*, 293 Ill. 314, on the ground that its provisions were not within the title of the act. The entire act was expressly repealed by "An act to revise the law in relation

to deadly weapons," passed in July, 1919. (Laws of 1919, p. 431.) The act under which the defendant was prosecuted was passed in 1925, and by the express provisions of section 9 of that act the act of 1919 was repealed. (Laws of 1925, p. 339.)

The acts of 1925 and 1919 are acts to revise the law in relation to deadly weapons. Section 1 of each act contains the same provisions, to-wit: "It shall be unlawful for any person to carry or possess or sell, loan or give, to any person, any black-jack, slung-shot, sand-club, sand-bag, metal knuckles, bludgeon, or to carry or possess, with intent to use the same unlawfully against another, a dagger, dirk, billy, dangerous knife, razor, stiletto or any other dangerous or deadly weapon or instrument of like character." Section 2 of the act of 1925 contains provisions requiring the register of sales at retail within this State of fire-arms of a size which may be concealed upon the person. Section 3 of the act of 1919 contained a similar provision with reference to registering sales of deadly weapons, not confining it to fire-arms of the character aforesaid. Section 3 of the act of 1925 prohibits the sale to aliens and to minors under the age of eighteen years any fire-arms of a size which may be concealed upon the person. Section 2 of the act of 1919 prohibited the selling, or giving, loaning, hiring or bartering in any manner, to any minor, any pistol, revolver, derringer, bowie knife, dirk, or other deadly weapon of like character capable of being secreted on the person. Section 4 of the act of 1925 prohibits any person from carrying concealed on or about his person a pistol, revolver or other fire-arm, except certain officers therein named and other persons engaged in certain employments as agents, etc. Section 4 of the act of 1919 made it unlawful for any person to carry concealed upon his person any pistol, revolver or other fire-arm without a written license therefor, issued as prescribed in that section. Section 5 of the act of 1925 prescribes a penalty by fine of not more than

$300 or imprisonment in the county jail for a period of not more than one year, or both such fine and imprisonment, for the violation of any of the provisions of sections 1 and 4 of that act. Section 6 of the act of 1919 provided for a penalty of not less than $100 nor more than $1000, or imprisonment in the county jail for not more than one year, or both such fine and imprisonment, for the violation of sections 1 and 4 of that act. The act of 1925 also imposes penalties for the violation of sections 2 and 3 of that act, and the act of 1919 imposed penalties for the violation of sections 2 and 3 of that act. Section 6 of the 1925 act provides, in substance, that any person having been convicted of murder, robbery, burglary, or assault with intent to commit a felony, who shall within five years thereafter violate the provisions of either section 1 or section 4 of that act, shall be guilty of a felony and upon conviction shall be punished by imprisonment in the penitentiary for not less than one year nor more than ten years. Section 7 of the act of 1919 contained a provision similar to that of section 6 of the act of 1925. Section 7 of the act of 1925 provides that the act shall never be construed as depriving any citizen of the right to keep in his home or place of business any fire-arm reasonably necessary for the protection thereof, and section 8 provides that nothing contained in section 2 of the act shall be construed as in any way negativing or altering the effect of the provisions of section 3 thereof.

It was the intention of the legislature by the act of 1881 to repeal all of the provisions of section 56 of the Criminal Code that were in conflict with the act of 1881, but the provisions of section 56 all came into full force again when said section 4 was declared void by this court. The evident intention of the legislature in passing the act of 1881 was to substitute section 4 of the act in place of the provisions of section 56 with reference to carrying and flourishing deadly weapons and to enact other provisions on the

subject of deadly weapons, but it was not the intent of the legislature to repeal the provisions of section 56 with reference to the subject of deadly weapons and to leave no law in force with reference to carrying concealed or for flourishing deadly weapons. There was therefore no repeal of the provisions of section 56 either by implication or otherwise, as it was not the intention of the legislature that the repealing clause should be valid unless section 4 of the act should be valid. (*People* v. *Fox*, 294 Ill. 263.) The act of 1919 and the present act of 1925 were not amendments of section 56 of the Criminal Code or intended as amendments thereof. They are, as shown by their provisions and by their titles, acts revising the law relating to deadly weapons. A revised law pertaining to any subject is intended to take the place of the law or laws as previously formulated. The revision is a substitute, and it displaces and repeals the former law as it stood relating to the subjects within its purview. Whatever of the old law is re-stated in the revision is continued in operation as it may operate in the connection in which it is re-enacted. A revision repeals by implication previous statutes on the same subject, although there be no repugnance and though there may be no express repealing clause or section in the revision. (1 Lewis' Sutherland on Stat. Const. sec. 269; *Culver* v. *Third Nat. Bank*, 64 Ill. 528.) It is said in section 269, *supra,* and in the section following it, that the reasonable inference on a revision is that the legislature did not intend that there should be two distinct enactments embracing the same subject matter in force at the same time, and that the new statute, being the most recent expression of the legislative will, must be deemed a substitute for previous enactments and the only one which is to be regarded as having the force of law; that the purport of the authorities in this country is that where a statute is revised, or a series of acts on the same subject are revised and consolidated into one, all parts and provisions of the former

act or acts that are omitted from the revised act are repealed: (*People* v. *Town of Thornton,* 186 Ill. 162.) It is plain from the framework and the provisions of the acts of 1919 and 1925, both headed "Deadly weapons," and from their enacting clauses, that each one at the time enacted was intended to cover the whole subject of deadly weapons and to be a complete system or provision on that subject. Therefore the act of 1919 repealed by implication all of the provisions of section 56 that pertain to the subject of deadly weapons. This does not mean that the entire section is repealed but only that portion of it that specifically bears on the questions of carrying concealed weapons and displaying the same.

Section 3 of chapter 131, entitled "Statutes," provides that no act or part of an act repealed by the General Assembly shall be deemed to be revived by the repeal of the repealing act. Whether or not this section of the statute applies to repeals by implication we need not stop to inquire. The act of 1925 expressly repeals the act of 1919. If the repeal of the act of 1919 revived the provisions of section 56 of the Criminal Code, the act of 1925 effectually repeals by implication the provisions of section 56. Defendant was therefore properly punished under the provisions of section 4 of the act of 1925 unless it is unconstitutional, as contended.

Defendant contends (1) that section 4 of the act of 1925 violates section 13 of article 4 of the constitution, which provides that no law shall be revived or amended by reference to its title, only, but the law revived or the section amended shall be inserted in the new act; (2) that the act of 1925 is a special or a local law which purports to increase the penalty of the general law (section 56 aforesaid) and violates section 22 of article 4 of the constitution, which prohibits the General Assembly from passing local or special laws in certain enumerated cases, and further provides that in all other cases where a general law can

be made applicable no special law shall be enacted. The State contends, in substance, that this court has no jurisdiction of this writ of error as the defendant is not entitled to raïse the question of the constitutionalitÿ of the act of 1925 because that question was not presented to the trial court for consideration, citing *People* v. *Pierce,* 296 Ill. 327, and *People* v. *Esposito,* id. 535. It further contends that the provisions of section 56 pertaining to deadly weapons were repealed by the act of 1925 revising the law relating to deadly weapons.

This court rendered a decision at the February term, 1929, in *People* v. *Clardy,* 334 Ill. 160, to the effect that where the defendant is sentenced under the provisions of a void or unconstitutional act or under an indictment that did not state an offense under our law, he was entitled to prosecute a writ of error to have that judgment reviewed, and that this court would have jurisdiction of the case under an assignment of error that the act under which he was sentenced was unconstitutional. If the act under which defendant was punished in this case was unconstitutional or void there was no authority whatever conferred on the court to enter a judgment and sentence against him, even on a plea of guilty, and defendant had the right to prosecute his writ of error to this court although the question of the constitutionality of the act was not presented to the lower court.

·Defendant states that section 4 of the act of 1925 is not a complete act and is not an act creating a new offense, but is, in fact, an act amendatory of section 56 aforesaid, and for those reasons violates section 13 of article 4 of the constitution, and that the act of 1925 is a local or special law enacted at a time when a general law (section 56) on the same subject was in force, and therefore violated section 22 of article 4 of the constitution. The act of 1925 is a complete act within itself, as we have already stated, and does not, in fact, amend or purport to amend by any

of its provisions section 56, but, on the other hand, repeals by implication the provisions of section 56 pertaining to deadly weapons. The act of 1925 is not a local or a special law and therefore does not violate section 22 of article 4 of the constitution.

In *People* v. *Crossley,* 261 Ill. 78, it was held that the act of 1911, being "An act to authorize the organization of high school districts," was not in violation of section 13 of article 4 of the constitution. This court in that case reviewed the cases on that question and therefrom deduced the following rules: (1) An act which is complete within itself and does not purport, either in its title or in the body thereof, to amend or revive any other act is valid even though it may by implication modify or repeal prior existing statutes; (2) an act, though otherwise complete within itself, which purports to amend or revive a prior statute by reference to its title, only, and does not set out at length the statute amended or revived, is invalid, regardless of all other questions; (3) an act which is incomplete in itself and in which new provisions are commingled with old ones, so that it is necessary to read the two acts together in order to determine what the law is, is an amendatory act and invalid under the constitution, and it is unimportant in such case that the act does not purport to amend or revive any other statute. In addition to the cases cited in *People* v. *Crossley, supra,* as sustaining the first rule deduced in that case, we cite *Steinhagen* v. *Trull,* 320 Ill. 382, in which the court said: "It has been decided many times that the incidental modification of existing laws by an act complete in itself does not violate section 13 of article 4 of the constitution;" also *State of Illinois* v. *Milauskas,* 318 Ill. 198, in which it is said: "It is only where the law professes to be amendatory, or is amendatory in its nature, that the constitutional provision applies." See, also, *People* v. *Tokoly,* 313 Ill. 177.

Acts concerning crimes or concerning deadly weapons are not among the cases enumerated in section 22 of article 4 of the constitution, in which the passage of local or special laws is prohibited. The latter clause of section 22 is addressed to the legislature, and the determination by the General Assembly that a general law cannot be made applicable to a situation is not open for judicial review. *Wilson* v. *Board of Trustees,* 133 Ill. 443; *Herschbach* v. *Kaskaskia Sanitary District,* 265 id. 388.

The act of 1925 is neither a local nor a special law. Special laws are those made for individual cases, or for less than a class requiring laws appropriate to its peculiar conditions and circumstances. Local laws are special as to place. The object of the prohibition of special or local laws is to prevent a diversity of laws relating to the same subject. (1 Lewis' Sutherland on Stat. Const. sec. 199; *People* v. *Wilcox,* 237 Ill. 421.) A law is not local or special in a constitutional sense if it operates in the same manner upon all persons in like circumstances. (*Springfield Gas Co.* v. *City of Springfield,* 292 Ill. 236.) General laws are those which relate to or bind all within the jurisdiction of the law-making power. If a law is general and uniform in its operation upon all persons in like circumstances it is general in a constitutional sense, but it must operate equally and uniformly upon all brought within the relation and circumstances for which it provides. *Lippman* v. *People,* 175 Ill. 101.

A pistol is a small fire-arm having a curved stock or butt to fit the hand and a short barrel or barrels. The term "pistol" was applied to the first short fire-arm that came into use about the 16th century and was intended to be aimed and fired from one hand. Pistols now in use are called derringers, revolvers or automatic pistols. The term "pistol" aptly applies to all the short fire-arms aforesaid. The plea of guilty in this case was the usual plea of guilty in manner and form as charged in the information. The

judgment and sentence should be, and are, affirmed, as the defendant could successfully plead former jeopardy if he were on a subsequent information or indictment charged with carrying concealed on or about his person a "revolver" or "a loaded revolver." *Judgment affirmed.*