(No. 23036, 23078.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MANUEL HORWITZ, Plaintiff in Error.

*Opinion filed December 16, 1935—Rehearing denied Feb. 6, 1936.*

SHULMAN, SHULMAN & ABRAMS, and LOUIS GREEN-BERG, (BERNARD SHULMAN, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, JOHN E. O'HORA, and RICHARD H. DEVINE, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Manuel Horwitz was indicted in the criminal court of Cook county for conspiracy to steal automobiles and to receive parts of stolen automobiles knowing the same to have been stolen. He pleaded guilty and was sentenced to the house of correction for one year and to pay a fine of $250. A motion to vacate the sentence was made, based upon the theory that section 46 of the Criminal Code, defining and providing punishment for conspiracy, is unconstitutional. The trial court denied the motion to vacate, and Horwitz brings his case here by writ of error, alleging that the trial court erred in refusing to vacate the sentence.

The sole inquiry, as above indicated, is whether section 46 of the Criminal Code is unconstitutional.

Horwitz first contends that the indicated section is unconstitutional because of the failure of the General Assembly to insert at length in the act the field covered by common law conspiracies. He says it is provided by section 13 of article 4 of the constitution that no law shall be revived or amended with reference to its title only, but the law revived or section amended shall be inserted in

a new act. His argument is, that when the General Assembly enacted section 46 it disregarded this provision of the constitution. In arriving at this conclusion he assumes that the act of 1874, which he is attacking and which revised the criminal law of this State, was merely an amendment to the statute of 1869 on conspiracy. This position is untenable, as the act of 1874 was an act to revise the law in relation to criminal jurisprudence. An act to revise a law is not an act to amend a law. The conspiracy statute (section 46 of the Criminal Code) is a complete law in itself, and since it was enacted when the General Assembly was in the act of revising all the laws with respect to the Criminal Code it necessarily repealed all other laws on the subject of conspiracy. Where there is a general revision of a law such revision repeals all other laws on the same subject and no question of amendment can arise. *People* v. *Borgeson,* 335 Ill. 136, and cases cited.

It does not follow, as argued by Horwitz, that a statute which merely says that a defendant who has been convicted of conspiracy at common law should be punished as provided by statute for the punishment of other conspiracies is unconstitutional. The courts of this State take judicial notice of what the common law was on certain subjects, and we have held that conspiracy as it existed at common law is punishable in Illinois. (*Chicago, Wilmington and Vermilion Coal Co.* v. *People,* 214 Ill. 421.) In that case it was held that the common law concerning conspiracies is not abolished in Illinois; that the common law of England, so far as applicable, is adopted in this State and has not been superseded by statute, and that wherever the statute has not in express words defined a crime and fixed the punishment the common law remains in full force and vigor. Horwitz has made no showing that he has been injured by the statute in question. It does not charge him as at common law but specifically charges him with conspiracy to commit an offense prohibited in our Criminal

Code, and for that offense punishment was meted out to him on his plea of guilty.

The other points raised by Horwitz have been considered but are not deemed of sufficient merit to warrant any extended treatment and are clearly not supported by anything in the record before us.

The judgment is affirmed.      *Judgment affirmed.*