183 So. 657

**DAVIS v. CITY OF TUSCUMBIA et al.**

8 Div. 932.

Supreme Court of Alabama.

Oct. 10, 1938.

John E. Delony, Jr., of Tuscumbia, for appellant.

Ed Almon Williams, of Tuscumbia, for appellees.

BOULDIN, Justice.

This is a taxpayer's suit in equity against the City of Tuscumbia for declaratory judgment or decree on certain controverted issues of law touching the legality of a proposed issue of municipal warrants. The bill further prays an injunction against the governing body.

The grounds upon which the legality of the proposed issue of interest bearing warrants is challenged sufficiently appears from the decree of the trial court, subdivisions A to H, inclusive, which appear in the report of the case.

The cause was submitted in the court below on an agreed statement of facts.

■ The City Council, on July 1, 1924, by ordinance, called an election submitting to the qualified electors a proposal to authorize the levy and collection of an excess rate of taxation of three mills on the taxable properties within the city limits "beginning October 1, 1924, and for each year thereafter, to be used only for the purpose of supporting and maintaining the public schools of said city."

This tax having been approved at the election August 11, 1924, has been, and is still being levied and collected by the city. The validity of this levy is unquestioned. Amendment No. 8 to Constitution of 1901.

On August 1, 1938, the city being in urgent need of a public school building for negroes, an ordinance was passed for the issuance of interest bearing warrants in the sum of $22,000, payable through a period of 15 years, with interest at 4%, payable annually, evidenced by coupons, the proceeds, together with a PWA, grant of $18,000 to be used in building and equipping such public school building. The ordinance pledges the proceeds of the three mill levy above noted to the payment of these warrants.

■ One question raised is whether the proceeds of the continuing levy made pursuant to the proceedings of 1924 may be lawfully used in providing a public school building. Is such use, if otherwise lawful, an illegal diversion of the fund from the purposes authorized by vote of the qualified electors of the city? The "support and maintenances" of public schools is quite inclusive, tantamount to general public school purposes. When applied to a levy running into the indefinite future, during which the housing of the school may become essential to the maintenance of same, we are of opinion such use is not an unlawful diversion of such funds.

The authority for borrowing money secured by an issue of interest bearing warrants is admittedly derived from Section 2011 of the Code of 1923, as amended by

Acts 1927, p. 515, and Acts Special Session 1932, p. 203.

The main ground upon which the legality of the proposed warrants is challenged goes to the constitutionality of the Act of 1927, and likewise the Act of 1932. These Acts are assailed as violative of Section 45 of the Constitution. Without question a Code Section may be amended under a title naming the Section amended, followed by an Act setting out the Section as amended.

But the subject matter of such amendment must be germane or supplemental to that of the original section, so that the legislators and inquiring public may reasonably anticipate and look into the proposed change. Matter wholly foreign to the original section, is violative of Section 45, and to that extent the amended Section inoperative. State ex rel. Troy v. Smith, Auditor, 187 Ala. 411, 65 So. 942; McCord et al. v. Bridges et al., 211 Ala. 295, 100 So. 469.

Appellant argues the Amendatory Act of 1927 is violative of this principle in that the original Section 2011, Codified from Acts of 1921, p. 6, § 5, authorizing the borrowing of money, and the issuance of municipal securities therefor, is limited to cities of six thousand. The Act of 1927 extends such authority to cities of two thousand or over. Tuscumbia is a city of forty-five hundred.

The original section authorizes the borrowing of money only for providing a system of waterworks. The Amendment of 1927 extends the power to borrow money, and issue interest bearing warrants, for the construction of municipal buildings. The original section makes such warrants general obligations of the city, and authorizes the use of revenues from such plant, or from a power or light plant, in payment of or as security for such loans.

The amendment authorizes warrants payable through a period of 15 years, and a pledge of the proceeds of any special taxes authorized at the date of such warrants as security for the payment thereof so long as any portion of them remain unpaid.

Is the amendment in these several respects germane to the original section?

The original section deals with the class of cities empowered to borrow money and issue such securities.

An amendment extending such power to cities of another class deals directly with this matter of classification, and is germane to the subject matter of the original section.

The original section deals with the purposes or uses to which the borrowed funds are to be applied. An amendment extending such uses to the construction of municipal buildings, school buildings included, is germane to this feature of the original section.

The original section deals with funds to be available in payment of or as security for the warrants so issued.

An amendment extending the means of payment to other sources of revenue available for the purpose, and authorizing a pledge of same as security is germane to this feature of the original section. State ex rel. Troy v. Smith, supra; McCord v. Bridges, supra; Smith v. Birmingham Realty Co., 208 Ala. 114, 94 So. 117; Mobile & Girard R. Co. v. Commissioners' Court of Pike County, 97 Ala. 105, 11 So. 732; McCoy v. Jefferson County, 232 Ala. 651, 169 So. 304.

We conclude there was no error in the rulings of the trial court on this subject. The Act of 1932, merely extending the statutory power to all municipalities is subject to the same ruling. Moreover, this statute had no relation to Tuscumbia.

The style of city ordinances is prescribed by Code, § 1993. The ordinance of 1938 conforms to this statute.

Code, § 1999, governs the publication and authentication of city ordinances. This section provides the ordinance shall, if published in a newspaper, "take effect from and after the time it shall first appear in said publication." Only one publication is, therefore, essential to the ordinance becoming effective. See Ex parte City of Albany, 213 Ala. 371, 106 So. 200.

The ordinance is "authenticated by the signature of the clerk." Section 1900 of the Code requiring the Mayor to execute municipal contracts has no reference to the passage nor authentication of city ordinances.

The statute, Code, § 2011, as amended, looks to borrowing money by the city and the issuance of warrants as evidence of the loan and security therefor. There is no requirement for a sale of warrants after published notice. Section 9258

of the Code has no reference to such transaction.

We have considered all the matters adjudicated in the decree of the court below. They call for no further discussion. The decree is in all things free from error and is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.