194 So. 398

**STATE ex rel. FARMER v. HAAS.**

**I Div. 365.**

Court of Appeals of Alabama.

Jan. 30, 1940.

Rehearing Denied Feb. 27, 1940.

Geo. A. Sossaman, of Mobile, for appellant.

Vernol R. Jansen, of Mobile, for appellee.

BRICKEN, Presiding Judge.

This cause was "submitted on briefs," in this court on December 21, 1939. It involves the validity of a portion of four amendments to section 6717 of the Code 1923. Specifically, it is an action in mandamus by petitioner, A. V. Farmer, one of the bailiffs of the circuit court of Mobile County against the President of the Board of Revenue and Road Commissioners of Mobile County, to require him to issue a warrant to said bailiff in payment for his services, as such, in said court.

The President of the Board of Revenue refused to issue such warrant because he contends that the act of the Legislature of 1939 amending section 6717, approved August 25, 1939, abolishes said position and hence he is not authorized to issue the warrant. The controlling question involved, therefore, is the validity of the act of the Legislature of August 25, 1939, amending section 6717 of the Code, insofar as it attempts to abolish petitioner's employment, and also involves the validity of a portion of all prior amendments to the same code section, insofar as they seek to create the positions of bailiffs· in the Circuit Court.

When taken up for consideration this court made the following certification to the Supreme Court:

"December 28, 1939.

"To the Supreme Court of Alabama.

"A preferred cause, (mandamus proceeding from Mobile Circuit Court), is pending in this court; and, the controlling questions involved, appear to be the validity or constitutionality of certain amendments, by the Legislature, to Section 6717 of the Code of Alabama, 1923.

"Under the provisions of Sections 7311 and 7322 of the Code 1923, we hereby certify to you for consideration and determination the following questions, above referred to.

"Is the Act of the Legislature, No. 261, (H. 461) approved, August 25, 1939, (in pamphlet form and hereto attached for your convenience) violative of Section 45 of the Constitution 1901? Ancillary thereto, are the following acts of the Legislature, to wit: Act (No. 80—H. 206)· approved March 1, 1939, (Bound form, p. 112); Gen.Acts of Alabama, 1931, pp. 66, 67; and Gen.Acts (Ala.) 1927, p. 440."

On the 23rd day of January 1940, the Supreme Court, 194 So. 395,[1] made response to the certified questions in words and figures as follows:

"The questions certified to this Court by the Court of Appeals, under the statute, as constitutional questions, are: 'Is the Act of the Legislature, No. 261 (N. 461) approved, August 25, 1939 (in pamphlet form and hereto attached for your convenience) violative of Section 45 of the Constitution of 1901? Ancillary thereto are the following acts of the Legislature,

---

[1] 239 Ala. 16.

towit: Act (No. 80—H. 206) approved March 1, 1939 (Bound form p. 112); Gen'l. Acts of Alabama, 1931, pp. 66–67; and Gen'l.Acts (Ala.1927, p. 440)'

██ "The petition is correctly directed against the President of the Board of Revenue, he being the official authorized to draw, issue and deliver the warrant in a proper case under the statute approved August 25, 1939. Section 6748 of the Code deals with the general powers and duties of boards of revenue and like boards of the several counties of the State. We will, therefore, consider the sufficiency of the petition tested by the recent statutes that obtain.

"The constitutionality of the statutes to be passed upon and certified to the Court of Appeals is to be tested by Section 45 of the Constitution. Ballentyne v. Wickersham, 75 Ala. 533; Houston County Board of Revenue v. Poyner, 236 Ala. 384, 182 So. 455.

"The petitioner makes his charge of unconstitutionality of the statute as follows: 'Appellant's contention, in a nut shell, is this: Code Section 6716 created the positions of bailiffs in all the Circuit Courts of the state, while Section 6717 provided for their compensation. So any amendment to Section 6717, by reference to the section number only, that brings in matter not connected with the compensation of the bailiffs, is in violation of Section 45 of the Constitution and is void in so far as it does not relate to bailiffs' compensation.'

"The insistence is not made as to the unconstitutionality of Sections 6716 and 6717 as said sections appear in the Code 1923. The Acts that are challenged are General Acts of Alabama, 1927, p. 440; General Acts of Alabama, 1931, p. 66; Act approved March 1, 1939 (Bound form, p. 112) and General Act approved August 25, 1939, being House Bill No. 461.

"Pertinent rules of statutory construction are given expression in Jefferson County v. Busby, 226 Ala. 293, 148 So. 411. The subject of classification is dealt with in McCoy v. Jefferson County, 232 Ala. 651, 652, 169 So. 304.

██ "The rule that has long obtained in this jurisdiction, as touching amendments to sections of the Code by reference only, is that the same must be germane or supplemental to the subject-

matter of the original section. That is to say, matter so added by way of amendment, shall not be wholly foreign to the original section, and if so, is violative of Section 45 of the Constitution. Davis v. City of Tuscumbia, 236 Ala. 552, 183 So. 657; City of Birmingham v. Merchants Cigar & Candy Co., 235 Ala. 204, 178 So. 220; State ex rel. Troy v. Smith, Auditor, 187 Ala. 411, 65 So. 942.

██ "It is further well established that when a part of a statute is invalid, and can be separated from the valid provisions thereof, it does not violate the constitutional intent as to the whole act. McCoy v. Jefferson County, supra; Davis v. City of Tuscumbia, supra.

██ "It has been declared that the subject of a code section is the substance, thing or idea about which the legislative will is therein expressed. In Kendrick v. State, 218 Ala. 277, 120 So. 142, 143, it is declared that a due classification may be employed, and that: 'It was held in Wood [& Pritchard] v. McClure, 209 Ala. 523, 96 So. 577, on the authority of Ex parte Cowert, 92 Ala. 94, 9 So. 225, and other decisions of this court, that "an amendment by reference to the number of a section in an act"—in this case a section of the Code—"must be confined to matters which are germane to, suggested by, and supplemental to, the subject of that section." Section 6248 is written in this language: "Only such persons as are regularly licensed have authority to practice law." The subject of a section of the Code is the idea or thing about which the Legislature has expressed its will. * * *'

██ "In applying this rule of the constitution to such amendments of code sections by reference, the substance of the statute amended by number must be the test as to whether the amendment is germane and such a statute is not to be tested by the codification title thereof given by the Code Commissioner. When the code section in question and in the context is considered with reference to the several amendments, these several acts are now held to be germane and supplemental to the section and its substance or subject-matter (Davis v. City of Tuscumbia, supra), and are not unconstitutional. McCoy v. Jefferson County, supra.

"It results that the subsequent acts deprived the sheriff of the power to appoint bailiffs, as originally provided by Section

6716 of the Code, and invested the right to discharge this duty in the trial judge of the respective divisions of the court. Act of August 25, 1939, amending the Act of March 1, 1939.

"Such is the result if the rule of re-enactment by reference is not applicable. A full statement of this rule in other jurisdictions may be found in the text and notes of 59 Corpus Juris, p. 941, Section 556. It is as follows:

" 'It is a common-law rule of statutory construction that, when a repealing statute is itself repealed, the first statute is revived, without any formal words for that purpose, in the absence of a contrary intention expressly declared, or necessarily to be implied from the enactment by which the last repeal is effected; and it matters not whether the repeal in either case be by express language or by implication.' * *

" 'Where one act amends another so as to read as prescribed in the former, the repeal of the amendatory act does not revive the original law. However, this canon of construction is not absolute, but will yield to a contrary intention apparent from the language employed or from statutes in pari materia; and this modification is itself subject to the further doctrine that a legislative intent to revive a law which has by legislative action been wholly annihilated is not alone, and without the use of language which is at least equivalent to reenactment, sufficient to accomplish the revival.' (Section 558, p. 942, 59 C.J.)

" 'General rule "does not apply (1) where the new legislative enactment, by which the repealing statute is repealed, consists of a revision or a substitute for the original act, or where new legislation upon the subject of the original act is therein adopted, as this would be clearly contrary to an intention on the part of the Legislature to revive such original act. It would manifest an intention, not to revive, but to legislate anew upon the subject. But where a repealing statute is, in turn, repealed, without further or new legislation on the subject, this evidences an intent and desire on the part of the Legislature to revive and again place in force the original statute which had been previously repealed." Gallegos v. Atchison, etc., R. Co. 28 N.M. 472, 477, 214 P. 579. (2) The repeal of a statute which was a revision of, and a substitute for, a former act to the same effect, which was therefore repealed, cannot, be deemed to revive the previous act, for this would be plainly contrary to the intention of the legislature. Butler v. Russell, 4 Fed.Cas. [910] No. 2,243, 3 Cliff. 251; Butner v. Boifeuillet, 100 Ga. 743, 28 S.E. 464; Cochrane v. King County, 12 Wash. 518, 41 P. 922. See People v. Borgeson, 335 Ill. 136, 166 N.E. 451 (if a revisory act expressly repealing a prior revisory act revives the provisions of a still earlier statute, it effectually repeals such provisions by implication.' "

"See American Standard Life Ins. Co. v. State, 226 Ala. 383, 147 So. 168.

"No question of re-enactment by repeal is presented under the rule that obtains. State ex rel. Holcombe v. Mobile County et als., 238 Ala. 656, 193 So. 315.

"The act approved March 1, 1939, reads, in part, as follows: 'In circuits composed of one county having three circuit judges, each judge shall have the power and authority to appoint one bailiff, and the sheriff of such county shall have the power and authority to appoint two additional bailiffs. The bailiffs so appointed by the sheriff shall hold office at the will and pleasure of the sheriff. Each bailiff appointed by a judge of such court shall hold office at the will and pleasure of the judge so appointing him. * * * The bailiffs appointed by the judges under this section shall be in lieu of bailiffs for said courts provided for under Section 6716 of the Code of Alabama, 1923. Nothing in this section or the preceding section shall apply to circuits having five or more judges. * * *.'

"When the several acts are considered, they are germane to the act originally dealt with. The act of August 25, 1939, is the definite expression of the legislative will and reads, in part, as follows: 'In circuits composed of one county, having three Circuit Judges, each judge of such Courts shall have the power and authority to appoint one bailiff, who shall receive a salary of Twenty-Four Hundred Dollars ($2400.00) per annum, payable in twelve (12) equal monthly installments, out of the Treasury of the County constituting such circuit, upon warrant of the President or Chairman of the Board of Revenue or of the Governing Body of the County. * * * Each bailiff appointed by a Judge of any such Court shall hold office at the will and pleasure of the Judge so appointing him.

174

Each such bailiff appointed to serve in counties having three Circuit Judges shall, in addition to the duties now imposed upon him, be required to wait upon all grand juries while in session, when directed by the Judge so appointing him. The *bailiffs appointed by the Judges under this section shall be in lieu of bailiffs of said courts provided for under Section 6717 of the Code of Alabama 1923*. Nothing in this section or in the preceding section shall apply to circuits having five or more judges.' (Italics supplied).

"The title of the Act approved March 1, 1939, is as follows: 'An Act to Amend Section 6717 of the Code as said section was last Amended by the Act Approved February 20, 1931, General Acts, Regular Session, 1931, at pages 66–67.'

"The title of the Act approved August 25, 1939, is as follows: 'To Amend Section 6717 of the Code of Alabama of 1923 as said Section was last Amended by The Act Approved March 1, 1939, entitled "An Act to Amend Section 6717 of the Code, as said Section was last Amended by the Act Approved February 20, 1931, General Acts, Regular Session, 1931, at Pages 66–67," and to provide that this Act shall become effective immediately upon its passage and approval by the Governor.'

"Thus is stated the legislative intent to vest the appointment of court bailiffs in the judges rather than in the sheriff in the circuits dealt with in the amendatory act. Section 6716 of the Code is still in force in counties and courts not covered by the Act of August 25, 1939.

"The Act is not offensive to Section 45 of the Constitution and was amendment of the former statutes as specifically declared." '

The foregoing being a full and complete answer to the certified questions, supra, there is no necessity for further elaboration or discussion by this court. Under the terms of section 7322 of the Code 1923, we therefore hold, that the court below properly sustained the demurrers to the original and amended petition.

Affirmed.

