## Lovejoy v. City of Montgomery.

*Violating Municipal License Ordinance.*

(Decided February 13, 1913.　61 South. 597.)

1. *Constitutional Law; Statutes; Presumption.*—Every statute is presumptively constitutional, and the burden is on him who assailed its constitutionality to show that it does in fact violate some clause of the Constitution.

2. *Statutes; Title; Sufficiency.*—Section 45, Constitution 1901, should be construed in a very broad and liberal spirit, keeping, of course, always in view, its general purposes, and should not be so construed as to operate as an unreasonable restraint on important legislation.

3. *Same.*—Under section 45, Constitution 1901, an act will be upheld if the matters provided for are referable and cognate to the subject expressed, are allied thereto and are not incongruous to such subject.

4. *Same; Validity.*—Section 6, Acts 1911, p. 54 is not violative of section 45, Constitution 1901, since to "regulate banks and banking" is to regulate the business of banks and banking, and one of the common means of regulating a business is by licensing and license taxation, which embraces the amount of the tax, together with the privileges and exemptions to be secured by its payments.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

T. E. Lovejoy was convicted of violating a municipal ordinance of the city of Montgomery, prohibiting engaging in the business of banking without first obtaining a license therefor, and he appealed to the Court of Appeals, which court certified to the Supreme Court

the question whether section 6, Acts 1911, p. 54 is constitutional. Question answered in the affirmative.

See 9 Ala. App. 466.

BALL & SAMFORD, STEINER, CRUM & WEIL, and RAY RUSHTON, for apellant. The presumption always is that an act of the Legislature is constitutional and the burden is on the person asserting it to clearly demonstrate its invalidity.—*A. G. S. v. Reeves,* 124 Ala. 252. Sec. 6, acts 1911, p. 54, is not violative of section 45, ·Constitution 1901.—*City v. Street,* 117 Ala. 208; Ala. 87; 120 Ala. 156; 136 Ala. 96; 132 Ala. 47; 154 *Hamm v. State, ex rel.,* 156.Ala. 645; *Bell v. State,* 115 Ala. 285; 128 Ala. 335; 113 Ala. 170; 126 Ala. 647; 118 Ala. 1; *Ballentine v. Wickersham,* 75 Ala. 536.

JOHN V. SMITH, for appellee, and R. B. EVINS, representing the State Banking Department. The clause of the Act limiting municipal license is in no way connected expressly or impliedly with the subject expressed in the title of the act, and is therefore void, and if this section of the act is void, then the municipal license is valid.—*State ex rel. v. Sayre,* 118 Ala. 1; *Randolph v. Painters Co.,* 106 Ala. 501; *State ex rel. v. Burgin,* 113 Ala. 170; *Ex parte Gayle,* 108 Ala. 514; *Wolfe v. Taylor,* 98 Ala. 254. Counsel for the Banking Department insists that even if the statute as applied to municipal licenses is void, then it may be upheld, as to other matters not thereby affected.—*M. & O. R. R. Co. v. State,* 29 Ala. 573; *Sheehan v. Bailey,* 110 Ala. 308; *State v. Hartford I. Co.,* 99 Ala. 221.

DE GRAFFENRIED, J.—The Court of Appeals, in this case, under the provisions of the statute (act approved April 18, 1911, Acts 1911, p. 449, § 1), submits to this court the question as to whether section 6 of the act "to create a banking department of the state

of Alabama and through this department to regulate, examine and supervise banks and banking, and to punish certain prohibited acts relating thereto," approved March 2, 1911 (Acts of Alabama, 1911, pp. 50, 54), is void because of the provisions of section 45 of the Constitution of the state of Alabama.

To the consideration of this single question we address ourselves in the following opinion:

1. The above section 45 of our Constitution provides that "each law shall contain but one subject, which shall be clearly expressed in its title, etc." The title of the act now under consideration is above quoted, and the title shows that the "grand and comprehensive subject" of the act is, in fact, the regulation of the business of banking in this state. "To regulate banks and banking" is in fact to regulate the business of banks and banking. Subdivision 6 of the act above referred to is in the following language: "Each bank carrying on a banking business in the state of Alabama, shall, on the call of the superintendent, pay annually into the treasury of the state between the first day of January and the first day of April of each year, to be used as an aid in defraying the expenses of the banking department of the state in proportion to the capital, surplus and undivided profits of the bank as follows"—and goes on fixing a schedule of rates, after which it is stated that "no other assessment or license of any kind shall be levied against or collected from any bank or banking institution as such, except the ordinary taxes assessed against property in general, and except that, after January 1, 1912, municipalities may levy a license in proportion to the capital, surplus and undivided profits of the bank, of not more than the following amounts, to wit," and goes on to fix a schedule according to the capital, surplus, and undivided profits.

2. It is a solemn thing for a court to strike down a statute. A statute is, at least presumably, an expression by the people of their will through their representatives selected by them for the purpose of making their laws. "The Legislature has a power which is so transcendent that it cannot be confined within any bounds, either for causes or persons, except such as are written in the organic law."—*Davis v. State,* 68 Ala. 58, 44 Am. Rep. 128. "He who assails a statute on the ground that it is unconstitutional assumes the burden of vindicating his position beyond a reasonable doubt."—*State ex rel. Meyer v. Greene,* 154 Ala. 254, 46 South. 268; *State ex rel. City of Mobile v. Board of Revenue & Road Commissioners of Mobile County, infra,* 61 South. 368. Presumptively, therefore, all statutes are constitutional, and the burden is on him who assails a statute as violative of a particular clause of the Constitution to show that it does, in fact, contravene the particular provision of the fundamental law.

In addition to this, our decisions show that this court has interpreted this section in a "very broad and liberal spirit, which is proper, not only because no act should be lightly declared unconstitutional, but also because the general purpose of the section should be kept in view, and it should not be so construed as to operate as an unreasonable restraint on important legislation. One who formulates the title to an act may make it as broad and comprehensive as he pleases, and the act will be upheld if the matters provided for are referable and cognate to the subject expressed, or if the matter provided for is not incongruous to the subject, or where all its provisions are allied to the subject expressed, or, as is usually said, germane and cognate to it or complementary to the idea expressed in the title. The test is said to be whether we can find anything in the bill

which cannot be referred to the subject."—*State v. Street et al.,* 117 Ala. 203, 207, 23 South. 807; *Ala. Gt. So. R. R. Co. v. Reed,* 124 Ala. 253, 257, 27 South. 19, 82 Am. St. Rep. 166; *State ex rel. Winter v. Sayre,* 118 Ala. 1, 35, 24 South. 89; *Ballentyne v. Wickersham,* 75 Ala. 533.

The question now under discussion does not seem to have been an open one in this state since the rendition by this court of the opinion in *City Council of Montgomery v. National Building & Loan Association,* 108 Ala. 336, 18 South. 816. That case seems to have been well considered, and in that case MCCLELLAN, J. (afterwards Chief Justice of this court), said: "The caption of this act in its opening clause expresses 'the grand and comprehensive subject' spoken of in the books, with which the Legislature proposed to deal. In that clause they set forth the purpose that actuated them and the general scope of the enactment to follow. They proposed, and it was there stated, that the purpose and scope of the act was 'to regulate the business of building and loan associations in this state.' Now the imposition of a license tax upon any business, and the requirement that such tax should be paid, and a license to engage in a given business, shall be taken out before such business shall be carried on, is a recognized mode, frequently resorted to in the legislation of this state, of regulating that business; and while it may partake more of the nature of taxation in many instances than of purely surveillance, it is nevertheless in common parlance, and aptly referred to as a regulation of business. Licensing and license taxation being thus in common acceptance a means and character of business regulation, the incorporation of a provision therefor in an act to regulate a business is clearly, we think, referable and cognate to that comprehensive subject, *and is but*

*one of the minor subjects covered thereby.* And such licensing and imposition of such license tax being thus embraced in the broad subject expressed, *the amount of such tax, the privileges and exemptions to be secured by its payment,* whether one license and one such payment shall entitle the party taking the license and paying the tax to do business throughout the state, or whether he shall be required to pay or be exempted from the payment of *other and additional* license taxes, *state, county, or municipal, are minor* subjects, or, rather, *integral* parts of this *minor* subject which, along with it, are embraced in the general and fully expressed purpose to regulate the doing of business in this state."

The excerpt from the above opinion in which the italics are ours, it seems to us, disposes of the question presented to us for our determination, and definitely declares that said subdivision 6 is not violative of section 45 of our Constitution. See further, on this subject, *State ex rel. Thomas v. Gunter,* 170 Ala. 165, 54 South. 283, in which the above case of *City Council of Montgomery v. National Building & Loan Association,* on the point now under consideration, is cited with approval.

3. There is nothing in the above which in any way conflicts with the views expressed by this court in *Sheffield Oil Mill et al. v. Pool et al.,* 169 Ala. 420, 53 South. 1027. In that case this court held that a section *exempting* certain designated life insurance from the *payment of the debts of the insured* was not within the "grand and comprehensive subject" embraced in the title of an act "to regulate the business of insurance in the state of Alabama," and that therefore such section was void as violative of said section 45 of our Constitution. The reasoning of that case, as applied to the question before the court, is perfectly sound and in no

[Com'rs Court of Tuscaloosa Co. v. State, ex rel. City of Tuscaloosa.]

way conflicts with the views expressed by this court in *City Council of Montgomery v. National Building & Loan Association, supra.* While it is difficult to lay down a "fixed and definite rule which shall clearly mark the dividing line between what is and what is not" violative of the article of our Constitution now under consideration, it seems to us, upon reason and authority, that we are justified in declaring that said subdivision 6 of the act now under consideration is not violative of section 45 of the Constitution.

It therefore appears to us that the application for a rehearing in this case should be granted.

The former opinion of this court in this case is withdrawn, and this opinion is substituted in lieu thereof.

Application for rehearing granted.