178 So. 220

### CITY OF BIRMINGHAM et al. v. MERCHANTS CIGAR & CANDY CO.

#### 6 Div. 160.

Supreme Court of Alabama.

Jan. 13, 1938.

Herbert R. Maulitz, of Birmingham, for appellee.

GARDNER, Justice.

Schedule 154 of the General Revenue Act of 1935, Gen.Acts 1935, § 348, p. 504, fixed a schedule of license fees for vending machines, but with no restrictions on municipalities as to any license regula-tion. The Legislature in 1937 saw fit to amend this section, change the license schedule, and add other regulatory features here unnecessary to relate. General and Local Acts, Special Session, 1936–37, p. 32.

The title to this latter act was as follows: "To amend Schedule 154 of Article XIII, Chapter 1 of Section 348 of an Act approved July 10, 1935, entitled 'An Act to provide for the general revenue of the State of Alabama.'" Among the other changes in the original schedule, section 154 was the following proviso found in the body of the amendatory act: "Provided, further, no municipality shall be allowed to levy and collect a license for the operation of vending machines enumerated and defined in this Schedule in an amount greater than fifty (50%) percent of that levied by the State."

J. H. Willis, Clarence Mullins, and Harvey T. Deramus, all of Birmingham, for appellants.

The city, on this appeal, insists this proviso is invalid as in contravention of section 45 of our Constitution, which requires that "each law shall contain but one subject, which shall be clearly expressed in its title." It is of course not controverted that a section of the Code may be amended by reference to the section number only, and the form of the amendment of schedule 154 of the General Revenue Act of 1935 is therefore not here challenged.

As to an act original in form the subject-matter must be "allied to the sub-

ject expressed, or, as is usually said, germane and cognate to it or complementary to the idea expressed in the title." Lovejoy v. City of Montgomery, 180 Ala. 473, 61 So. 597, 599. And as to an act amendatory in form, amending a Code section, the same principle controls. As stated in our cases, "the matter of the amendatory act must be germane to, suggested by, and supplemental to the subject of the section sought to be amended." State v. Smith, 187 Ala. 411, 65 So. 942, 944.

It but remains to apply these well-settled principles to the case in hand. Counsel for the city have noted several of our cases, which they consider analogous, among them that of State v. Smith, cited above; City of Mobile v. Louisville & Nashville R. R. Co., 124 Ala. 132, 26 So. 902; State v. Southern Ry. Co., 115 Ala. 250, 22 So. 589; Board of Revenue v. Jansen, 224 Ala. 240, 139 So. 358; Wood & Pritchard v. McClure, 209 Ala. 523, 96 So. 577; Kendrick v. State, 218 Ala. 277, 120 So. 142; McCoy v. Jefferson County, 232 Ala. 651, 169 So. 304. These authorities serve as striking illustrations of the force and effect of this provision of our Constitution. But it is difficult to lay down "a 'fixed and definite rule which shall clearly mark the dividing line between what is and what is not' violative of the article of our Constitution now under consideration." Lovejoy v. City of Montgomery, supra. Each case must therefore necessarily rest upon its own bottom. And the cited authorities serve as illustrations only, helpful, but only controlling when closely analogous situations are presented.

We are persuaded, however, that there is a well-recognized principle of law concerning the subject-matter of schedule 154, relating as it does to the question of taxation and the authority of the state in relation thereto, which is of controlling influence in the instant case. The Court of Appeals in City of Montgomery v. Royal Exchange Assur. Corporation, 5 Ala.App. 318, 59 So. 508, 511, had under consideration the General Revenue Act wherein was a similar limitation of taxation by a municipality as is here presented, and made the following pertinent observation: "And under this view we hold that it was clearly competent for the Legislature, as has long been its custom, in providing for taxes for the state revenue, at the same time and in the same law, to prescribe and limit taxes against the same subjects of taxation by any of the branches of the state government intrusted with the power of levying taxes, such as counties, cities, and towns. The above power is a necessary function of the supreme government. It is its business to adjust all of the burdens of taxation on and against property and persons and privileges; and this cannot be done without prescribing its own taxes and the levies of all subordinate divisions of governmental authority, so that every subject of taxation may, at the same time, contribute its just share of revenue and be protected from oppression. It therefore seems clear that it is thus entirely pertinent and germane to the subject of a general revenue bill to limit and prescribe municipal taxes against the subjects embraced in such bill for the state and county taxes."

That case does not appear to have been here reviewed, though it was subsequently approvingly cited by this court. Ex parte City of Birmingham, 195 Ala. 60, 70 So. 184. But whether here reviewed or cited, we think it states a sound principle, and one well in harmony with those of this court, as expressed in City Council of Montgomery v. National Building & Loan Ass'n, 108 Ala. 336, 18 So. 816, 818, wherein it was said: "Licensing and license taxation being thus in common acceptance a means and character of business regulation, the incorporation of a provision therefor in an act to regulate a business is clearly, we think, referable and cognate to that comprehensive subject, and is but one of the minor subjects covered thereby. And such licensing and imposition of such license tax being thus embraced in the broad subject expressed, the amount of such tax, the privileges and exemptions to be secured by its payment, whether one license and one such payment shall entitle the party taking the license and paying the tax to do business throughout the state, or whether he shall be required to pay or be exempted from the payment of other and additional license taxes, state, county, or municipal, are minor subjects, or rather integral parts of this minor subject, which, along with it, are embraced in the general and fully expressed purpose to regulate the doing of the business in this state. So that a member of the legislature, hearing the bill read only by its title, would be put upon notice that license taxation, and, of course, the amount and ex-

tent thereof, was within the scope of the proposed act; and thus the purpose of the constitutional provision would be fully accomplished."

So here, the subject-matter of schedule 154 relates to a license tax on vending machines. The state was speaking through its legislative department upon the subject of taxation, which carried with it the authority to not only fix the tax for the state, but to limit taxes against the same subjects of taxation by any of the branches of the state government intrusted with the taxing power, such as counties, cities, and towns. And we think the Court of Appeals correctly stated that it had long been the custom of the Legislature in fixing taxes to so prescribe the limits of taxation by other branches of the government.

The same thought was in substance expressed by this court in City Council of Montgomery v. National Building & Loan Ass'n, supra, wherein the court observed that the subject of the imposition of a license tax carried with it also notice that not only the amount of the tax would be therein prescribed, but also the privileges and exemptions to be secured by its payment, "whether one license and one such payment shall entitle the party taking the license and paying the tax to do business throughout the state, or whether he shall be required to pay or be exempted from the payment of other and additional license taxes, state, county, or municipal." These matters constitute minor subjects which are integral parts of the main subject relating to taxation.

Such, therefore, being the settled rule of our decisions, it follows that the limitation of the authority of the municipalities in levying the license tax was but a minor subject embraced in the matter of license taxation, which formed the subject-matter of schedule 154. Of consequence such limitation was "germane to, suggested by, and supplemental to the subject" of said schedule 154, and did not offend section 45 of our Constitution.

The decree of the chancellor was in entire harmony with these views, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.