182 So. 455

HOUSTON COUNTY BOARD OF REVE-
NUE et al. v. POYNER.

4 Div. 32.

Supreme Court of Alabama.

June 30, 1938.

E. W. Pettus, of Selma, T. E. Buntin, of Dothan, and Niel P. Sterne, of Anniston, for appellee.

W. Perry Calhoun, of Dothan, and Merrill, Jones & Merrill, of Anniston, for appellants.

GARDNER, Justice.

In the General Revenue Bill of 1935 (General Acts 1935, pages 256 to 574), on pages 564 and 565, are found the follow-, ing sections:

"Section 370-A. The fees, compensations and earnings of the Judges of Probate allowed under the revenue laws of the State, shall not together with all other fees, compensations, allowances and earnings to them, exceed six thousand dollars net per annum, after the payment of the salaries for clerks, typists, stenographers and other office expenses in Counties where the Judge of Probate is not paid a fixed salary; and the expenses of the office in such Counties for Clerks, typists, stenographers and other expenses shall not exceed in counties having a population according to the Federal Census as follows: 10 to 30 thousand —$300.00 per month; 30 to 40 thousand— $450.00 per month; 40 to 50 thousand— $750.00 per month; 50 to 85 thousand— $850.00 per month; 85 to 110 thousand— $1,325.00 per month; 110 to 125 thousand —$1,500.00 per month; 125 to 500 thousand—$3,000.00 per month; Provided, however, in any county where the Judge of Probate does not act as Chairman of the Board of County Commissioners, or such other like governing body, the Board of County Commissioners or such other like governing body, may reduce the salaries for clerks, typists, stenographers and other office expenses, but not to exceed fifty percent of the Schedule set out herein.

"Section 370-B. In such Counties where the earnings from all sources exceed the expenses and compensation to the Judge of Probate allowed in the above section, the excess thereof shall not accrue to the Judge of Probate but shall accrue to the General Fund of the County, and shall by the Judge of Probate be paid over to the County Treasurer and by him covered into the General Fund of the County."

These provisions of the revenue bill are attacked by complainant on numerous grounds. The learned chancellor concluded their invalidity as violative of that part of section 45 of our Constitution, which requires that "each law shall contain but one subject, which shall be clearly expressed in its title."

We are sufficiently convinced of the correctness of his conclusion, and as this is decisive of the whole matter and renders these sections null and void, a consideration of other grounds of attack is preter-

mitted and the decision here confined to that single question.

We reach this conclusion fully mindful of the rule of presumption in favor of the constitutionality of a legislative act, and that every intendment is in favor of its validity. We should bear in mind also, as has been often said, that constitutions are made for practical purposes and look to practical ends, and in the construction of them we are to take into consideration the conditions which confronted the constitution-makers, and, if possible, give the instrument such construction as will carry out the intention of the framers, and make it reasonable rather than absurd. Tucker v. State, 231 Ala. 350, 165 So. 249. Our books abound with illustrative cases, the leading authority being that of Ballentyne v. Wickersham, 75 Ala. 533 (Alabama State Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695), which has been so frequently cited in our subsequent decisions. A notation of them here would serve no useful purpose.

It is difficult to lay down a fixed and definite rule which will clearly mark the dividing line between what is and what is not violative of this provision of our Constitution. Each case of necessity must rest upon its own bottom. City of Birmingham v. Merchants Cigar & Candy Co., 235 Ala. 204, 178 So. 220.

Though often expressed in our decisions, yet it is well to again note in passing the outstanding purpose of the framers of our Constitution in inserting this provision in our organic law: first, to prevent hodgepodge or logrolling legislation; second, to prevent surprise or fraud upon the legislature by means of provisions in the bills of which the titles give no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and, third, to fairly apprise the people of the subjects of legislation that are being considered in order that they may have an opportunity of being heard thereon by petition or otherwise, if they so desire. And, as we have said, no one of these purposes is of more or less importance than the other. State ex rel. v. Smith, 187 Ala. 411, 65 So. 942; Lindsay v. United States Savings & Loan Ass'n, 120 Ala. 156, 24 So. 171, 42 L.R.A. 783.

We have but to apply these principles to the subject matter of this litigation.

The argument of appellant seems to rest upon the assumption that sections

370-A and 370-B relate solely to commissions received by the judge of probate from revenue derived from and specified in the revenue bill, and that they are akin to provisions for compensation, with maximum limitations, of the tax assessor, found in sections 22 and 23 of the Act (pages 272, 273), and of the tax collector, found in sections 161-A and 161-B of the Act on pages 336, 337. But the assumption is unfounded.

While it is true the judge of probate receives considerable revenue from commissions arising from the issuance of licenses and such matters provided by the general revenue act, yet this is but a part of his compensation. Costs in the administration of estates, recording fees, allowance for ex officio services and costs in county court matters, and many other sources of revenue, are to be added in order to complete the compensation allowed him by law. All these mentioned sources of revenue have no relation to the general revenue bill, and are wholly distinct from and independent of such a bill. And sections 370-A and 370-B deal with all of such sources of income to the judge of probate, for they, together with his earnings allowed under the revenue bill, constitute the aggregate which is limited to six thousand dollars a year. And, indeed, in section 370-B is the expression "earnings from all sources."

These sections, therefore, are nothing more or less than limitations upon the compensation of judges of probate, and amount to a reduction of compensation for any such judge, whose net fees exceed such sum. We think it clear enough that such limitation or reduction of compensation of the judge of probate is not germane and cognate to a general revenue bill.

But it is insisted that "general revenue bills" are excepted from the operation of section 45 (Constitution) in this regard, and that of consequence these sections are entirely valid.

■ The argument amounts simply to this,—that the legislature has the power to put anything it pleases into a revenue bill, and such matters, however foreign to such a bill, would be immune from constitutional requirements as to title and single-ness of subject. Many illustrations of such spurious matters readily suggest themselves. Important changes might be made in will contests, divorce proceedings, or even some criminal statutes, all under the guise of a general revenue bill, yet having no proper relation thereto. The framers of our Constitution, by this exception, meant no such result. They intended the exception to refer only to a revenue bill as generally understood, and this Court has so interpreted it. Harris v. State, 228 Ala. 100, 151 So. 858; In re Opinions of Justices, 223 Ala. 369, 136 So. 589; Woco Pep Co. v. Butler, 225 Ala. 256, 142 So. 509.

■ To hold that such spurious matter could be constitutionally enacted by merely adding it to a general revenue bill would nullify the major provisions of section 45, Constitution, for a single subject and a clear title, and thus thwart the manifest purpose of the Constitution makers. When they spoke of the general revenue bill they meant that and nothing more. All matters cognate to such a bill are of course expected to be found therein. Illustrative is the case of Southern Ry. Co. v. Mitchell, 139 Ala. 629, 640, 37 So. 85, 88, where the Court, speaking of a general revenue bill, said: "It was competent to embody in the bill any and all provisions for the raising of revenue, or pertinent or germane thereto, whether expressed in or covered by the title or not." And we think the corollary of that is equally true, that is, that matters not so pertinent or germane could not be so included, and the quoted language, we think, implies that the writer had just that thought in mind.

If indeed such foreign matter may be thus enacted into law under the guise of a general revenue bill, then the door to fraud and surprise and deception is thrown open, and many such laws passed without a full understanding by the membership of the legislature, and without notice to the public to be affected thereby.

Looking to practical ends, and giving effect to the intention of the framers of the Constitution in adopting section 45, no such result should follow, as it would destroy the underlying principle of this constitutional provision, and lead to an absurd result.

No decided case directly in point is called to our attention, and doubtless none exists for the reason that spurious and foreign matter has not heretofore been attempted to be incorporated into a general revenue bill. And we may add here that sections 370-A and 370-B were not in the original revenue bill, but were added by committee amendment after introduction.

388

We think it clear enough that the subject matter of the revenue bill gave no indication to the law-makers nor to the public that subjects unrelated thereto would be found embodied somewhere in the more than three hundred pages of such a bill, and that neither the public nor the judges of probate affected by these sections would have the slightest notion that under the guise of a general revenue bill the compensation they receive in will contests and administration of estates or costs in holding county courts or their allowance for ex officio services, and numerous other sources of revenue wholly unrelated to such a bill, would be limited or reduced thereby, and turned from them into the county treasury.

Nor do we think appellants can gain any comfort from the recent decision in City of Birmingham v. Merchants Cigar & Candy Co., 235 Ala. 204, 178 So. 220, wherein the case of City of Montgomery v. Royal Exchange Assur. Corporation, 5 Ala. App. 318, 59 So. 508, was approved. The whole subject there treated was taxation, and the holding was in effect only that the State, having fixed a certain tax on a given business, could limit competitive taxation by other branches of the government and thus to that extent preserve the source of the State taxation which had long been the custom. The matter then considered was not by any manner of means foreign to a general revenue bill, but pertinent and cognate thereto. The discussion of this question in City of Birmingham v. Merchants Cigar & Candy Co., supra, and in City of Montgomery v. National Building & Loan Ass'n, 108 Ala. 336, 18 So. 816, we think, sufficiently demonstrate this fact without further elaboration here. But we forego further discussion.

Our conclusion is that sections 370-A and 370-B are not germane to a general revenue bill, but foreign thereto, and are of consequence not entitled to any protection under the exception of section 45 of our Constitution. And being so persuaded beyond a reasonable doubt, it becomes our duty to strike them down as violative of said section 45.

Appellants further argue that complainant is estopped from questioning the constitutionality of sections 370-A and 370-B upon the theory that one who receives benefits under an act is not in position to assail it on constitutional grounds, and that such principle is applicable to public officers drawing their salaries or collecting fees or compensation. Much stress is laid upon Dillon v. Hamilton, 230 Ala. 310, 160 So. 708, Baldwin v. Kouns, 81 Ala. 272, 2 So. 638, and Greene County v. Lydy, 263 Mo. 77, 172 S.W. 376, Ann.Cas.1917C, 274. We have read these authorities with much care, but think they are readily distinguishable from the instant case.

The character of estoppel here sought to be invoked is founded on morality and justice and good conscience, which will prevent one from assuming an inconsistent position where inequitable consequences would result to another who has the right and in good faith relied thereon. It rests upon the facts and circumstances of each particular case. 10 R.C.L. pp. 688–690. And it has been often applied to public officers (10 R.C.L. 720; 12 Corpus Juris 7700), as was done by this Court in Dillon v. Hamilton, supra, and by the Missouri court in the Lydy Case, supra.

But here the underlying principles of an estoppel in pais or an equitable estoppel are lacking. Complainant has assumed no inconsistent position from which flows any inequitable results. It is conceded he gets no new benefits from this general revenue bill. When he assumed office in January, 1935, he found the Code sections and provisions of previous acts which fixed his compensation. Should the Revenue Bill of 1935 be stricken down these provisions for his compensation would remain in force. Any compensation he has received would have been so received had the Act of 1935 never been passed. And this Act is not essential to its continuance.

True, complainant receives some commission from the provisions of the present revenue bill, but, as we have observed, he would have continued to receive these same commissions had the present bill never been enacted. These commissions account only in part for his compensation, and he makes no attack upon the Act in these or any other respects insofar as the matter of taxation is concerned. His attack is upon the two sections which affect his compensation from sources wholly apart from the general revenue bill and unrelated thereto.

Clearly enough no principle of justice, good morals or fair play would deny to complainant the right to assail such a provision merely because other parts of the Act constitute a basis for his compensation for specific service.

The authorities relied upon by appellants present no such situation as here involved, and are to be rested upon their own peculiar facts. We consider further discussion of this question unnecessary.

We are of the opinion that the principles of estoppel in pais are not here presented and that this insistence is without merit.

Our conclusion that sections 370-A and 370-B are void as violative of section 45 of our Constitution determines the entire matter and renders the other grounds of attack unnecessary to be considered. The chancellor also rested the invalidity of these sections upon this same ground and the affirmance here of his decree is confined thereto.

All parties appear to agree that the amendatory Act of 1937 (General and Local Acts, Special Session, 1937, page 88) is without influence upon this litigation, and needs no consideration here. It is therefore here ignored.

It results that the decree of the chancellor holding sections 370-A and 370-B of the General Revenue Bill are unconstitutional and void, as violative of section 45 of our Constitution, is correct and due to be affirmed. And as so limited, the decree is here affirmed.

Affirmed.

All the Justices concur.