To the Members of the Senate
Alabama Statehouse
Montgomery, Alabama 36130
Dear Senators:
We have received Senate Resolution No. 95, by which you request the opinion of the Justices as to whether House Bill 204, as amended and substituted, violates the provisions of Sections 61, 45, and 71 of the Constitution of Alabama, 1901.
Your Resolution reads:
“BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALA *1116 BAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill, House Bill 204, a copy of which is attached to this resolution and made a part hereof by reference.
“House Bill 204, as amended and substituted by the House of Representatives and as now engrossed and pending in the Senate contains a title which states:
“ ‘To make appropriations for the ordinary expenses of the executive, legislative and judicial agencies of the state, for other functions of government, for interest on the public debt, and for capital outlay for the fiscal year ending September 30, 1992.’
“Section 3 of House Bill 204 as engrossed provides that monies appropriated in House Bill 204 shall not be expended by a state entity to employ or contract to employ more persons than the highest number of persons employed or contracted to be employed during any point in time in the last two fiscal years. Section 4 provides that monies appropriated in House Bill 204 shall not be expended for the purchase or lease of automobiles. Neither Section 3 nor Section 4 of House Bill 204 as engrossed was included in House Bill 204 as originally introduced.
“1. Does House Bill 204 as engrossed violate Section 61 of the Constitution of 1901 which provides in part ‘no bill shall be so altered or amended on its passage through either house as to change its original purpose’?
“2. Does House Bill 204 as engrossed violate Section 45 of the Constitution of 1901 which provides in part that ‘each law shall contain but one subject, which shall be clearly expressed in its title’?
“3. Does House Bill 204 as engrossed violate Section 71 of the Constitution of 1901 which provides in part, ‘The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments of the state, for interest on the public debt, and for the public schools_ All other appropriations shall be made by separate bills, each embracing but one subject.’?
“RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send sufficient true copies of the pending bill, House Bill 204 as engrossed, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.”
We express our opinion on each of the questions in the same order in which you asked them.
Your question 1 — whether House Bill 204 as engrossed has been so altered or amended as to change its original purpose — is answered in the affirmative.
Section 61 of the Constitution provides: “No law shall be passed except by bill, and no bill shall be so altered or amended on its passage through either house as to change its original purpose.”
This Court has held that Section 61 is violated when the “purpose” of the bill passed is different from the original “purpose” of the bill as introduced. In Gafford v. Pemberton, 409 So.2d 1367, 1375 (Ala.1982), this Court stated that “[t]he ‘purpose’ of a bill within this section is the general purpose of a bill, not the mere details through which its purpose is manifested and effectuated.” (Emphasis added).
In Opinion of the Justices, No. 255, 361 So.2d 536 (Ala.1978), this Court, in an advisory opinion based on a request from the Governor, opined that where the general purpose of the bill and the purpose of the resulting act was to provide monies for capital improvements for educational purposes, Section 61 was not violated by the fact that the original bill provided a direct appropriation from the general fund and the resulting act provided for financing through a bond issue. See, also, Comer v. City of Mobile, 337 So.2d 742 (Ala.1976); Blackwell v. State, 230 Ala. 139, 162 So. 310 (1935); and State Docks Commission *1117 v. State, 227 Ala. 521, 150 So. 537 (1933). On first reading, it might appear that the result reached by the Justices in Opinion No. 255 would apply here, but we think that a different result is required here.
Applying the principle of law set forth in the cited cases, we are of the opinion that the original purpose of House Bill 204, as stated in its title, was to “make appropriations for the ordinary expenses of the executive, legislative and judicial agencies of the State, for other functions of government, for interest on the public debt, and for capital outlay for the fiscal year ending September 30, 1992.” At the time House Bill 204 was introduced, neither Section 3 nor Section 4 of House Bill 204, as engrossed, was included.
Those Sections provide:
“SECTION 3. It is the intent of the Legislature that the monies appropriated in this Act shall not be expended by any state department, division, board, bureau, commission, agency, institution or office to employ nor contract for the employment of any more persons than the highest number of full-time, part-time or temporary persons employed or contracted with during any point in time in the last two fiscal years. The director, officer or head of each state department, division, board, bureau, commission, agency institution or office shall certify to the State Finance Director and the Legislative Fiscal Officer by October 31, 1991, the highest number of classified, unclassified, exempt and contract employees employed by that agency full-time, part-time or temporarily at any point in time during the year for each of the past two fiscal years. Such agency head shall further certify to the State Finance Director and the Legislative Fiscal Officer within 15 days after the end of each quarter of the fiscal year beginning October 1,1991, the total number of classified, unclassified, exempt and contract employees paid from any funds appropriate to that department, division, board, bureau, commission, agency, institution or officer for each pay period during the previous quarterly period. It is expressly provided that this provision shall include any monies expended by an agency to contract with another state or non-state entity for the provision of services when 50% or more of the cost of such contract involves salaries or associated personnel costs.
“SECTION 4. The monies appropriated in this Act shall not be expended for the purchase or lease of automotive vehicles. Provided, however, that the Department of Public Safety may purchase automotive vehicles to be used for direct law enforcement purposes only and such vehicles shall not be utilized by any department personnel for administrative or support purposes. Said Department of Public Safety may not transfer automotive vehicles from law enforcement personnel nor vehicles designated for law enforcement purposes to other personnel in that Department nor shall vehicles be transferred to be used for any other purpose in that Department nor transferred to any other state agency. A state agency may request to purchase or lease automotive vehicles for emergency purposes. Said request must be made in writing to the State Finance Director, the Chairman of the House Committee on Ways and Means and the Chairman of the Senate Committee of Finance and Taxation and shall explain the nature of the automotive purchase and the emergency need for such vehicle. The request must be approved unanimously by the State Finance Director, the Chairman of the House Committee on Ways and Means and the Chairman of the Senate Committee of Finance and Taxation prior to the purchase or lease of any automotive vehicle.”
It is apparent that these two sections, by providing respectively (1) that monies appropriated in House Bill 204 shall not be expended by a state entity to employ or contract to employ more persons than the highest number of persons employed or contracted to be employed at any point in the last two fiscal years, and (2) that monies appropriated by House Bill 204 shall not be expended for the purchase or lease of automobiles, thereby alter or amend the *1118 original purpose of House Bill 204 from a purpose of making appropriations to a purpose of limiting the powers and duties of state department heads to hire necessary employees and to make necessary equipment purchases granted to them by other provisions of law. The question presented, of course, is whether the general purpose of House Bill 204 was changed as a result of these additions to the bill. We think that it was, because Sections 3 and 4 limit powers otherwise provided by law for hiring necessary employees or change administrative procedures otherwise provided by law for the distribution and payment of state funds.
Although we have not researched the various Code provisions and state statutes that assign powers and duties to various state department heads to hire necessary employees and to make necessary equipment purchases, we do list some so as to give an indication of the effect that Sections 3 and 4 would have on those Code provisions and statutes. See, Ala.Code 1975, §§ 27-2-1 through — 55 (powers and duties of the Department and Commissioner of Insurance); §§ 23-1-1 through -318 (powers and duties of the Highway Department); §§ 32-2-1 through -44 (powers and duties of the Department of Public Safety); §§ 29-7-1 through -7 (powers and duties of the Legislative Reference Service); and §§ 36-15-1 through -21 (powers and duties of the Attorney General).
The purpose of House Bill 204, as expressed in its title, was “To make appropriations for the ordinary expenses of the executive, legislative and judicial agencies of the state, for other functions of government, for interest on the public debt, and for capital outlay for the fiscal year ending September 30, 1992.”
House Bill 204, as amended and substituted to include Sections 3 and 4, provides that the appropriations made in House Bill 204 cannot be expended to hire necessary employees or to make necessary equipment purchases, and, further mandates that the director, officer, or head of each state department, division, board, bureau, commission, agency, institution, or office, file certain reports with the State Finance Officer and the Legislative Fiscal Officer. The mandates of Sections 3 and 4 of the Bill, therefore, effectively limit the powers of state officials otherwise granted to them by other provisions of law, and they appear to change the Bill’s original purpose from one of making general appropriations to the various departments and agencies of state government to one of making appropriations but also repealing and changing other provisions of law that grant to the various state departments and agencies powers to hire necessary employees and to make necessary equipment purchases.
Although we are cognizant of the plenary power of the legislature to make conditional appropriations, and although we recognize that the legislature can repeal any prior law that grants to the various departments of state government a power, or imposes an administrative duty or executive function, we do not believe that such plenary power can be exercised by including such changed procedures in sections of a general appropriation bill. The Alabama Constitution specifically states that a general appropriation bill can “embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments of the state, for interest on the public debt, and for public schools.” Art. IV, § 71, Constitution of Alabama, 1901. Because House Bill 204, as amended and substituted, does embrace provisions other than appropriations, and because it was “so altered or amended on its passage through [the House of Representative] as to change its original purpose,” as prohibited by Art. IV, § 61, Constitution of Alabama, 1901, we are of the opinion that House Bill 204, as amended and substituted, does violate Section 61 of the Alabama Constitution of 1901.
Your question 2 — whether House Bill 204, as engrossed, contains more than one subject — is also answered in the affirmative.
General appropriation bills are excepted from the “one subject” requirement of Sec *1119 tion 45 of the Constitution,[1] as are “general revenue bills, and bills adopting a code, digest, or revision of statutes,” but the overall purpose of Section 45 is broad enough to apply to bills that are excepted specifically. In Houston County Board of Revenue v. Poyner, 236 Ala. 384, 182 So. 455 (1938), this Court addressed this very issue and struck down a general revenue bill, also excepted from the provisions of Section 45, as being violative of Section 45 because it contained more than one subject. In Poyner, the Court noted that it is difficult to lay down a fixed and definite rule that will clearly mark the dividing line between what is and what is not violative of Section 45, but the Court clearly set forth the purpose of Section 45, as follows:
“Though often expressed in our decisions, yet it is well to again note in passing the outstanding purpose of the framers of our Constitution in inserting [Section 45] in our organic law: first, to prevent hodgepodge or logrolling legislation; second, to prevent surprise or fraud upon the legislature by means of provisions in the bills of which the titles give no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and, third, to fairly apprise the people of the subjects of legislation that are being considered in order that they may have an opportunity of being heard thereon by petition or otherwise, if they so desire. And, as we have said, no one of these purposes is of more or less importance than the other. State ex rel. [Troy] v. Smith, 187 Ala. 411, 65 So. 942; Lindsay v. United States Savings & Loan Ass’n, 120 Ala. 156, 24 So. 171, 42 L.R.A. 783.”
236 Ala. at 386, 182 So. at 457. See, also, Opinion of the Justices, No. 323, 512 So.2d 72 (Ala.1987), in which the Justices opined that “[a] statute has but one subject, no matter how many different matters it relates to, if they are all cognate, and but different branches of the same subject.” Id. at 75, quoting Yielding v. State, 232 Ala. 292, 296, 167 So. 580, 583 (1936).
We are of the opinion that the infirmities contained in the general revenue bill held to be unconstitutional in Poyner are present in House Bill 204, as amended and substituted, because it states in its title that it makes appropriations' for the ordinary expenses of various departments and agencies of state government, yet both provides and proscribes. Therefore, it is contrary to the purpose expressed in Section 45, to prevent the inclusion of matter in a bill that is incongruous with the title, a purpose that has been in many of the state’s prior constitutions. See, Ex parte Pollard, 40 Ala. 77 (1866).
Even though a general appropriation bill is excepted in Section 45 of the Constitution, the courts nevertheless have applied the general purpose of that Section to revenue bills, as we have shown above, and to general appropriation bills as well. In Wallace State Community College v. Alabama Comm’n on Higher Educ., 527 So.2d 1310 (Ala.Civ.App.), cert. denied (Ala.1988), the title of the. act challenged stated that the act made “annual appropriations for the support, maintenance and development of public education in Alabama and for debt service and capital improvements for the fiscal year ending September 30, 1988.” However, the act also provided for the creation of a physical therapy assistant program at Wallace State Community College. The Court of Civil Appeals held that this additional program was not mentioned in the title of the act and, thus, that “the title failed to apprise the public that the creation of a physical therapy assistant program was being considered or was contained in the bill.” 527 So.2d at 1313.
Amended House Bill 204 is similar to the bill made the subject of the constitutional challenge in Wallace State Community College in that the title of House Bill 204 makes no mention of the substance of Sections 3 and 4, which limit the powers otherwise granted to state departments by Code provisions or statutes and also alter other provisions of law relating to the administration of the distribution and receipt of *1120 state monies. We, therefore, opine that Sections 3 and 4 of the amended Bill, by restricting the means by which the various agencies of state government may spend the funds appropriated, create additional subjects in the Bill; and as we have already pointed out, the amended Bill would restrict the general powers of administration heretofore granted by other legislation. Thus, we are of the opinion that House Bill 204, as amended and substituted, would violate Section 45 of the Alabama Constitution of 1901.
Your question 3 — whether House Bill 204 as engrossed embraces more than appropriations — is also answered in the affirmative.
Section 71 of the Constitution states that “The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments of the state, for interest on the public debt, and for the public schools.” Section 71 also provides, of course, “that the salary of no officer or employee shall be increased in such bill, nor shall any appropriation be made therein for any officer or employee unless his employment and the amount of his salary have already been provided for by law. All other appropriations shall be made by separate bills, each embracing but one subject.” (Emphasis added.)
The intent of the people of Alabama, as expressed in Section 71, is clear. General appropriation bills should “embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments of the state, for interest on the public debt, and for the public schools.” This provision was first included as Art. IY, § 32, of the Constitution of 1875, and was brought forward into the Constitution of 1901, with minimal debate. We have examined some of the debates of the 1901 Constitutional Convention relating to Section 71; we find nothing there of substantial value in resolving the question you pose,[2] but we do note that the delegates to that Convention added to what is now Section 71 an additional provision that seems to indicate that an appropriation bill should be for the purpose of funding departments and agencies already established and provided for by law. Section 71 restates all that was contained in Article IV, § 32 of the 1875 Constitution, yet also provides:
“The salary of no officer or employe shall be increased in such bill, nor shall any appropriation be made for any officer or employe, unless his employment and the amount of his salary have already been provided for by law.”
It would appear that a fair interpretation of this addition to Section 71 would be that appropriations should be made to agencies in the manner already provided for by law. Clearly, it would seem that the legislature should not be permitted to use a general appropriation bill as a means to repeal provisions of law establishing departments and agencies and granting to those departments and agencies the power to hire necessary employees and to make necessary purchases of equipment.
This Court has steadfastly adhered to the principle of law that an appropriations bill should include only matters that are cognate and germane to that purpose. In Alabama Education Association v. Board of Trustees of the University of Alabama, *1121 374 So.2d 258 (Ala.1979), this Court was presented with a litigated case that had several striking similarities to the facts stated in your request for an advisory opinion. There, the Alabama legislature had included in the education appropriation budget a provision making the appropriations conditional upon each educational institution’s furnishing its employees, upon an employee’s request, a dues check-off for the Alabama Education Association. The so-called “dues check-off” requirement in the appropriation bill was challenged on grounds that it violated both Section 45 and Section 71 of the 1901 Constitution. This Court held that there was no mention of the “dues check-off” in the title of the bill and thus, that there was “no warning or notice to the members of the legislature nor to the public that ‘dues check-off’ [was] required as a prerequisite to receiving an appropriation.” 374 So.2d at 262. This Court continued:
“If this Act is not violative of § 45 or § 71, then there is little, if any, room for operation of those sections and extensive ‘logrolling’ would result to the detriment of the citizens of this state.
“If this Act does not violate § 45 or § 71, then any appropriation bill could carry in its body a hidden proviso that no judge, no legislator, nor the executive could receive the appropriations of his respective office until that official performs some act as a prerequisite.
“If this were permitted, no legislator, no public official nor the public would know of the existence of the hidden proviso without reading the entire bill. To require reading the entire bill so as to discover its pertinent provisions would clearly fly in the teeth of the requirements of § 45.”
374 So.2d at 262 (emphasis original).
Section 71 provides that the legislature may, by separate bill or bills, repeal laws that create and grant powers to the various departments and agencies of the state, unless prohibited from doing so by other provisions of the state or federal Constitution, of course, but the legislature cannot, in our opinion, in view of the prohibition so clearly expressed in Section 71, include such provisions in the general appropriations bill.
Based on the foregoing reasons, we express our opinion that House Bill 204, as amended and substituted, does violate Section 71 of the Constitution of Alabama, 1901.
Respectfully submitted,
SONNY HORNSBY Chief Justice
ALYA HUGH MADDOX
RENEAU P. ALMON
OSCAR W. ADAMS, Jr.
GORMAN HOUSTON
HENRY B. STEAGALL, II
KENNETH P. INGRAM Justices

. Art. IV, § 45, provides, in part, that ‘‘[e]ach law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills_”

. When Section 71 of the 1901 Constitution was adopted, the following dialogue occurred:
"MR. LOWE (Jefferson): Section 30 [Section 71 of the 1901 Constitution], second line, refers to the ordinary expenses. I hardly know what might be termed ordinary expenses. 7 think the tendency is to narrow or limit the legislature in that respect and for that reason, without further discussion on the question, I desire to send up an amendment. [Emphasis added.]
"The secretary read the amendment to [Section 71], to strike out the word ‘ordinary’ where it appears in the second line of said Section.
"MR. OATES: That is an innovation upon the Section as found in the existing Constitution and I therefore move to table the amendment.
“Motion to table the amendment was carried.”
Official Proceedings of the Constitutional Convention of the State of Alabama, Vol. II, p. 2518 (1940).